1  Loren Dunn
   WSBA #17135
2  Mindy DeYoung
   WSBA #39424
3  Riddell Williams P.S.
   1001 Fourth Avenue
4  Ste. 4500
   Seattle, WA 98154
5  Tel: (206) 624-3600
   Fax: (206) 389-1708
6

7

                                    HONORABLE SALVADOR MENDOZA, JR.

8              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF WASHINGTON
9
   BASIN DISPOSAL, INC., a                No.
10 Washington corporation,
                                          **COMPLAINT FOR
11          Plaintiff,                     DECLARATORY JUDGMENT**

12      v.

13 3M COMPANY, a Delaware
   corporation; AKZO NOBEL
14 CANADA, INC., a foreign
   corporation; BOEING COMPANY, a
15 Delaware corporation; COLLIER
   CARBON & CHEMICAL
16 COMPANY, a California
   corporation; CROWN BEVERAGE
17 PACKAGING, INC., a Delaware
   corporation; DAIMLER TRUCKS
18 NORTH AMERICA, a Delaware
   limited liability company;
19 GEORGIA-PACIFIC LLC, a
   Delaware limited liability company;
20 GOODRICH CORPORATION, a
   New York corporation; INTALCO
21 ALUMINUM CORP., a Delaware
   corporation; MONSANTO
22 COMPANY, a Delaware corporation;
   PACCAR INC, a Delaware
23 corporation; PCC STRUCTURALS,
   INC., an Oregon corporation;
24 PHARMACIA CORP., a Delaware
   corporation; SIMPSON TIMBER
25 COMPANY, a Washington
   corporation; STANDARD
26 REGISTER COMPANY, an Ohio
   corporation; WEYERHAEUSER NR

COMPLAINT FOR DECLARATORY JUDGMENT- 1

4811-6415-7990.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1  COMPANY, a Washington
   corporation; BLOUNT, INC., a
2  Delaware corporation; E.I. DU PONT
   DE NEMOURS and CO., INC., a
3  Delaware corporation; MORTON
   INTERNATIONAL, INC., an Indiana
4  corporation; PPG INDUSTRIES,
   INC., a Pennsylvania corporation;
5  PUGET SOUND NAVAL
   SHIPYARDS; SANDVIK SPECIAL
6  METALS, LLC, a Delaware
   corporation; UNITED STATES AIR
7  FORCE; UNITED STATES
   DEPARTMENT OF
8  AGRICULTURE; UNITED STATES
   DEPARTMENT OF THE
9  INTERIOR; ZEP
   MANUFACTURING, a Delaware
10 corporation; BAYER
   CROPSCIENCE, LP, a Delaware
11 limited partnership: ADVANCED
   ELECTROPLATING, INC., a
12 Washington corporation; CARR
   AVIATION CONSULTING
13 SERVICES, INC., a Washington
   corporation; COLUMBIA
14 PROCESSOR CO-OP, a  Washington
   corporation; D.G. SHELTER
15 PRODUCTS COMPANY, a
   California corporation; DIGIORGIO
16 CORPORATION, a  Washington
   corporation; FREIGHTLINER
17 CORPORATION, a  Delaware
   corporation; FULLER-O'BRIEN
18 CORPORATION, a  Washington
   corporation; GLIDDEN
19 CORPORATION, a  Delaware
   corporation; HARBOR
20 DISTRIBUTING COMPANY, a
   Oregon corporation; HARBOR OIL,
21 INC., a  Oregon corporation;
   HEARIN PRODUCTS, INC., a
22 Oregon corporation; HUICO, a
   Washington corporation; JAMES
23 RIVER CORPORATION, a
   Alabama corporation; KALAMA
24 CHEMICAL, INC., a  Washington
   corporation; LIQUID WASTE
25 DISPOSAL, INC., a  Washington
   corporation; NORTHWEST VIP
26 CORP., a  Oregon corporation;

COMPLAINT FOR DECLARATORY JUDGMENT- 2

4811-6415-7990.02

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

1  PIUTE ENERGY AND
   TRANSPORTATION COMPANY, a
2  Washington corporation;
   PRECISION CASTPARTS
3  CORPORATION, an Oregon
   corporation; PUREGRO COMPANY,
4  a California corporation; RHONE-
   POULENC CHEMICAL
5  COMPANY, a  Delaware
   corporation; WOOD TREATMENT
6  CHEMICAL COMPANY, a
   Missouri corporation;
7  AGRESERVES, INC., a Utah
   corporation; CHEMED CORP., a
8  Delaware corporation; FARMLAND
   RESERVE, INC., a Utah corporation;
9  HOFFFMAN CORPORATION, a
   Washington corporation; and
10 SOUTHWEST SUBURBAN
   SEWER DISTRICT, a municipal
11 corporation of the State of
   Washington
12
             Defendants.
13

14     For its Complaint against Defendants, Plaintiff alleges as follows:

15                     **NATURE OF ACTION**

16     1.     This is a civil action for declaratory relief under the Comprehensive

17 Environmental Response, Compensation and Liability Act ("CERCLA"), 42

18 U.S.C. Chapter 103, and Washington's Model Toxics Control Act ("MTCA"),

19 Chapter 70.105D RCW.

20     2.     Plaintiff seeks an order establishing the equitable shares for response

21 and remedial action costs incurred, or to be incurred, by Plaintiff and by other past

22 and future parties in response to releases of hazardous substances at the Pasco

23 Landfill Site (the "Site") in Pasco, Washington.

24

25

26

COMPLAINT FOR DECLARATORY JUDGMENT- 3

4811-6415-7990.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

**PARTIES**

1.      Plaintiff Basin Disposal, Inc. is a Washington corporation, and a member of the "Landfill Group". Basin has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site.

2.      The "Landfill Group" is an informal group of PLPs that include Franklin County, the City of Kennewick, BNSF Railway Company, Basin Disposal, Inc., Pasco Sanitary Landfill, Inc. and Leonard and Glenda Dietrich. The Landfill Group members are performing parties under Agreed Order No. DE9240 issued by Ecology in 2012 and under previous Orders issued by Ecology. They have been performing remedial actions under that Order, on an ongoing basis, largely pertaining to the municipal waste disposal areas at the landfill.

3.      Defendant 3M COMPANY is a Delaware corporation that has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. 3M Company is a mining and manufacturing company that contracted to have its hazardous wastes transported to the Site for disposal during the 1970s.

4.      Defendant Akzo Nobel Canada, Inc. is a foreign corporation that has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. Akzo Nobel Canada is the successor-in-interest to Canadian Industries, Ltd.  Upon information and belief, Canadian Industries manufactured agricultural and industrial chemicals. Canadian Industries contracted to have its hazardous wastes transported to the Site for disposal during the 1970s.

5.      Defendant Boeing Company is a Delaware corporation that has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. Boeing designs and manufacturers aerospace equipment in Washington State. Boeing contracted to have wastes from its Auburn, Renton, and

COMPLAINT FOR DECLARATORY JUDGMENT- 4

4811-6415-7990.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

1    Seattle plants transported to the Site for disposal during the 1970s. Those wastes

2    included beryllium, flammable liquid sludge, oils, and oil sludge.

3        6.    Defendant Collier Carbon & Chemical Company is a California

4    corporation that has been determined by Ecology to be a potentially liable party

5    under MTCA for cleaning up the Site. Upon information and belief, Collier

6    Carbon & Chemical Company is a petroleum explorer and marketer. It contracted

7    to have its hazardous industrial wastes transported to the Site for disposal in the

8    1970s.

9        7.    Defendant Crown Beverage Packaging, Inc. is a Delaware corporation

10   that has been determined by Ecology to be a potentially liable party under MTCA

11   for cleaning up the Site. Upon information and belief, Crown Beverage Packaging,

12   Inc. is the successor in interest to Crown Cork and Seal Company. Crown Cork

13   manufactured beverage and food cans, and contracted to have its industrial wastes,

14   including chromium sludge, transported to the Site for disposal during the 1970s.

15       8.    Defendant Daimler Trucks North America is a Delaware limited

16   liability company that has been determined by Ecology to be a potentially liable

17   party under MTCA for cleaning up the Site. Daimler Trucks manufactures

18   commercial vehicles. In connection with those operations, it contracted to have its

19   hazardous wastes transported to the Site for disposal during the 1970s.

20       9.    Defendant Georgia-Pacific LLC is a Delaware limited liability

21   company that has been determined by Ecology to be a potentially liable party

22   under MTCA for cleaning up the Site. It manufactures tissue, pulp, paper, and

23   related chemicals. Georgia-Pacific LLC contracted to have its hazardous wastes

24   transported for disposal to the Site during the 1970s. In 1991, there was a

25   significant release of calcium hypochlorite at the Site, which originated from

26   Georgia-Pacific's disposals.

COMPLAINT FOR DECLARATORY JUDGMENT- 5

4811-6415-7990.02
.

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1   10. Defendant Goodrich Corporation is a New York corporation that has

2 been determined by Ecology to be a potentially liable party under MTCA for

3 cleaning up the Site. It is a tire and rubber manufacturer. Goodrich contracted to

4 have its hazardous wastes transported to the Site for disposal.

5   11. Defendant Intalco Aluminum Corp. is a Delaware corporation that has

6 been determined by Ecology to be a potentially liable party under MTCA for

7 cleaning up the Site. It is a manufacturer of aluminum. Intalco contracted to have

8 its hazardous wastes, including therminol and other industrial solvents, transported

9 to the Site for disposal in the 1970s.

10   12. Defendant Monsanto Company is a Delaware corporation that has

11 been determined by Ecology to be a potentially liable party under MTCA for

12 cleaning up the Site. Monsanto manufactures agricultural chemicals. Monsanto

13 contracted to have its hazardous wastes transported to the Site for disposal in the

14 1970s. Those wastes included Noxtane, vanillin sludge, PCB phosphate-ester and

15 bright oil waste.

16   13. Defendant PACCAR INC. is a Delaware corporation that has been

17 determined by Ecology to be a potentially liable party under MTCA for cleaning

18 up the Site. PACCAR is the successor-in-interest to Pacific Car and Foundry,

19 which was a steel manufacturer. Pacific Car and Foundry contracted to have its

20 hazardous wastes transported to the Site for disposal in the 1970s.

21   14. Defendant PCC Structurals, Inc. is an Oregon corporation that has

22 been determined by Ecology to be a potentially liable party under MTCA for

23 cleaning up the Site. It manufactures aluminum and titanium casings. Upon

24 information and belief, it contracted to have its hazardous substances transported to

25 the Site for disposal.

26

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

15.    Defendant Pharmacia Corp. is a Delaware corporation that has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. It is a pharmaceutical company. Upon information and belief, it contracted to have its hazardous substances transported to the Site for disposal.

16.    Defendant Simpson Timber Company is a Washington corporation that has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. Simpson Timber manufactures forest products. It contracted to have its hazardous wastes transported to the Site for disposal in the 1970s.

17.    Defendant Standard Register Company is an Ohio corporation that has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. It provides communication services for industrial operations. It contracted to have its hazardous substances transported to the Site for disposal.

18.    Defendant Weyerhaeuser NR Company is a Washington corporation that has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. It manufactures wood and cellulose fiber products. Weyerhaeuser contracted to have its hazardous substances transported to the Site for disposal in the 1970s.

19.    Defendant Blount, Inc. is a Delaware corporation that has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. Blount is the successor in interest to Omark Industries. Upon information and belief, Omark Industries manufactured chain saws. Omark Industries contracted to have its wastes transported to the Site for disposal in the 1970s. The wastes included chromic hydroxic sludge, chrome, iron, zinc, manganese, and nickel.

COMPLAINT FOR DECLARATORY JUDGMENT- 7
4811-6415-7990.02
.

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

20.     Defendant E.I. Du Pont De Nemours and Co., Inc. is a Delaware corporation that has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site.  E.I Du Pont manufactures chemicals for use in a broad range of industrial applications.  In connection with those operations, it contracted to have its wastes transported to the Site for disposal during the 1970s.

21.     Defendant Morton International, Inc. is an Indiana corporation that has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site.  Upon information and belief, it is the successor-in-interest to Morton Chemical Company, a chemical manufacturer. Morton Chemical Company contracted to transport its hazardous wastes to the Site for disposal in the 1970s. Those wastes included pesticides.

22.     Defendant PPG Industries, Inc. is a Pennsylvania corporation that has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site.  PPG manufactures paints, coatings, chemicals, and glass.  It contracted to have its wastes transported to the Site for disposal.

23.     Defendant Puget Sound Naval Shipyards has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site.  It contracted to have its hazardous wastes transported to the Site for disposal in the 1970s.

24.     Defendant Sandvik Special Metals, LLC is a Delaware corporation that has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site.  Sandvik is a tooling, materials technology, and mining and construction company. Sandvik contracted to have its hazardous industrial wastes transported to the Site for disposal.

25.     Defendant United States Air Force has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site.  It contracted to

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

have its hazardous wastes transported to the Site for disposal in the 1970s. Those wastes included cadmium cyanide, copper cyanide, and sodium cyanide.

26.    Defendant United States Department of Agriculture has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. It contracted to have its hazardous wastes, including pesticides and residues, transported to the Site for disposal in the 1970s.

27.    Defendant United States Department of the Interior has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. It contracted to have its wastes transported to the Site for disposal.

28.    Defendant Zep Manufacturing is a Delaware corporation that has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. Zep is an industrial manufacturing company that contracted to transport its hazardous wastes to the Site for disposal in the 1970s.

29.    Defendant Bayer CropScience, LP is a Delaware limited partnership that has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. It manufactures agricultural products. It contracted to have its hazardous wastes transported to the Site for disposal.

30.    Upon information and belief, Defendant Advanced Electroplating, Inc. is a Washington corporation, which performed electroplating operations, and contracted to have its hazardous wastes transported to the Site for disposal. Advanced Electroplating has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site.

31.    Defendant Carr Aviation Consulting Services, Inc. is a Washington corporation. Upon information and belief, Carr Aviation Consulting Services is the successor-in-interest to Carr Aviation, Inc., an aviation manufacturer that has been determined by Ecology to be a potentially liable party under MTCA for

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1  cleaning up the Site.  Carr Aviation, Inc. contracted to have its hazardous wastes,

2  including pesticides, transported to the Site for disposal.

3      32.    Upon information and belief, Defendant Columbia Processor Co-op is

4  a Washington corporation.  Columbia Processor Co-op has been determined by

5  Ecology to be a potentially liable party under MTCA for cleaning up the Site.  It

6  contracted to have hazardous wastes, including cadmium, transported to the Site

7  for disposal.

8      33.    Upon information and belief, Defendant D.G. Shelter Products

9  Company is a California corporation.  It has been determined by Ecology to be a

10  potentially liable party under MTCA for cleaning up the Site.  D.G. Shelter

11  Products contracted to have its hazardous industrial wastes, including solvents,

12  transported to the Site for disposal.

13      34.    Upon information and belief, Defendant DiGiorgio Corporation is a

14  Washington corporation.  It has been determined by Ecology to be a potentially

15  liable party under MTCA for cleaning up the Site.  DiGiorgio Cooperation

16  contracted to have its hazardous  industrial wastes, including solvents, transported

17  to the Site for disposal.

18      35.    Upon information and belief, Freightliner Corporation is a  Delaware

19  corporation.  It has been determined by Ecology to be a potentially liable party

20  under MTCA for cleaning up the Site.  Freightliner contracted to have its

21  hazardous industrial wastes, including solvents, transported to the Site for disposal.

22      36.    Upon information and belief, Defendant Fuller-O'Brien Corporation

23  is a Washington corporation.  It has been determined by Ecology to be a

24  potentially liable party under MTCA for cleaning up the Site. Fuller-O'Brien

25  contracted to have its hazardous industrial wastes, including waste paint,

26  transported to the Site for disposal.

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

37.    Upon information and belief, Defendant Glidden Corporation is a Delaware corporation.  It has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. Glidden contracted to have its hazardous industrial wastes, including waste paint and glue, transported to the Site for disposal.

38.    Upon information and belief, Defendant Harbor Distributing Company is a Oregon corporation.  It has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. Harbor Distributing contracted to have its hazardous industrial wastes, including waste paint and glue, transported to the Site for disposal.

39.    Upon information and belief, Defendant Harbor Oil, Inc. is a Oregon corporation.  It has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. Harbor Oil contracted to have its hazardous industrial wastes, including waste paint and glue, transported to the Site for disposal.

40.    Upon information and belief, Defendant Hearin Products, Inc. is a Oregon corporation.  It has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. Hearin Products contracted to have its hazardous wastes, including solvents, transported to the Site for disposal.

41.    Upon information and belief, Defendant HUICO is a Washington corporation.  It has been determined by Ecology to be a potentially liable party under MTCA for cleaning up the Site. HUICO contracted to have its hazardous wastes, including solvents, transported to the Site for disposal.

42.    Upon information and belief, Defendant James River Corporation is a Alabama corporation.  It has been determined by Ecology to be a potentially liable

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

1   party under MTCA for cleaning up the Site. James River contracted to have its

2   hazardous wastes transported to the Site for disposal.

3       43.     Upon information and belief, Defendant Kalama Chemical, Inc. is a

4   Washington corporation.  It has been determined by Ecology to be a potentially

5   liable party under MTCA for cleaning up the Site. Kalama Chemical contracted to

6   have its hazardous wastes, including tar, transported to the Site for disposal.

7       44.     Upon information and belief, Defendant Liquid Waste Disposal, Inc.

8   is a  Washington corporation.  It has been determined by Ecology to be a

9   potentially liable party under MTCA for cleaning up the Site.  Liquid Waste

10  Disposal contracted to have its hazardous wastes transported to the Site for

11  disposal.

12      45.     Upon information and belief, Defendant Northwest VIP Corp. is a

13  Oregon corporation.  It has been determined by Ecology to be a potentially liable

14  party under MTCA for cleaning up the Site. Northwest VIP contracted to have its

15  hazardous wastes transported to the Site for disposal.

16      46.     Defendant Piute Energy and Transportation Company is a Washington

17  Corporation.  Upon information and belief, Piute Energy and Transportation

18  Company is the successor-in-interest to Pacific Inland Navigation Company, who

19  has been determined by Ecology to be a potentially liable party under MTCA for

20  cleaning up the Site.  Pacific Inland contracted to have its hazardous wastes,

21  including contaminated oil and sludge, transported to the Site for disposal.

22      47.     Defendant Precision Castparts Corporation is an Oregon corporation

23  that has been determined by Ecology to be a potentially liable party under MTCA

24  for cleaning up the Site.  Precision Castparts is an industrial goods and metal

25  fabrication company that manufactures castings and forged components.  It

26

COMPLAINT FOR DECLARATORY JUDGMENT- 12
4811-6415-7990.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

1  contracted to have its hazardous wastes, including nitric acid and hydrochloric

2  acid, transported to the Site for disposal.

3      48.    Defendant PureGro Company is a California corporation that has

4  been determined by Ecology to be a potentially liable party under MTCA for

5  cleaning up the Site. PureGro is an agricultural and horticultural resource

6  company. It contracted to have its hazardous wastes transported to the Site for

7  disposal.

8      49.    Upon information and belief, Defendant Rhone-Poulenc Chemical

9  Company is a Delaware corporation. It has been determined by Ecology to be a

10  potentially liable party under MTCA for cleaning up the Site. Rhone-Poulenc

11  contracted to have its hazardous wastes transported to the Site for disposal.

12      50.    Upon information and belief, Defendant Wood Treatment Chemical

13  Company is a Missouri corporation. It has been determined by Ecology to be a

14  potentially liable party under MTCA for cleaning up the Site. It contracted to have

15  its hazardous wastes transported to the Site for disposal.

16      51.    Defendant Agreserves, Inc. is a Utah corporation. Upon information

17  and belief, it contracted to have its hazardous wastes transported to the Site for

18  disposal.

19      52.    Defendant Chemed Corp. is a Delaware corporation. Upon

20  information and belief, it contracted to have its hazardous wastes transported to the

21  Site for disposal.

22      53.    Defendant Farmland Reserve, Inc. is a Utah corporation. Upon

23  information and belief, it contracted to have its hazardous wastes transported to the

24  Site for disposal.

25

26

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

54.    Defendant Hoffman Corporation is a Washington corporation. Upon information and belief, it contracted to have its hazardous wastes transported to the Site for disposal.

55.    Defendant Southwest Suburban Sewer District is a municipal corporation of the State of Washington.  Upon information and belief, it contracted to have its hazardous wastes transported to the Site for disposal.

## JURISDICTION AND VENUE

56.    This Court has jurisdiction over this action and the Defendants under 42 U.S.C. § 9613(b) and 28 U.S.C. § 1331.

57.    Venue is proper in this District under 42 U.S.C. § 9613(b), 28 U.S.C. § 1391(b), and because the claims arose in this District and releases of hazardous substances occurred in this District.

## FACTUAL BACKGROUND

58.    In 1958, the Franklin County Planning commission authorized the establishment and operation of a garbage disposal facility at the Site.  The facility was operated as a burn dump until 1971, when it was converted to a sanitary landfill.

59.    Defendants arranged to have their industrial wastes transported to the Site for disposal from approximately 1971 to 1974.  Drummed wastes were buried, and bulk liquids were discharged to waste "lagoons" and evaporated or infiltrated into the ground.  The area where these wastes were placed is referred to as the Industrial Waste Area, and is divided into Five Zones:  A, B, C, D, and E.

60.    The industrial waste lagoons and drum disposal sites were operated at the disposal facility through at least the end of 1974. During that three year period, approximately 35,000 drums of mixed organic and inorganic industrial wastes, 5,000 drums of chlorinated herbicide manufacturing wastes, 3,000,000 gallons of

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1    non-containerized industrial wastes, and 11,000 tons of chlor-alkali sludge and
2    carbon electrode wastes were placed in Zones A through E.

3        61.    Much of the industrial wastes at the Site were generated by the
4    Defendants in the process of their business operations. The Defendants arranged to
5    have those wastes transported to and disposed of at the Site. Those wastes have
6    resulted in releases of hazardous substances at the Site.

7        62.    The Defendants knew or should have known of the risks associated
8    with hazardous waste disposal at the Pasco Landfill.

9        63.    The Defendants knew or should have known of the risks of
10    transporting hazardous waste to the Site without sufficient controls to protect
11    against a release into the environment.

12        64.    Certain of the Defendants were intimately involved in the processes
13    that caused the release of a significant amount of extremely toxic substances at the
14    Site.

15        65.    The Defendants failed to exercise reasonable care when they arranged
16    to have their wastes transported to and disposed of at the Site.

17        66.    In 1990, the Site was listed as a National Priority List ("NPL") site by
18    the United States Environmental Protection Agency ("EPA"), based on the
19    hazardous substances in the Site media, including groundwater.

20        67.    Ecology was established as the lead agency for the cleanup
21    investigations and remedial actions taken at the Site pursuant to an agreement with
22    EPA regarding site management and supervision of the implementation of a
23    remedy under CERCLA and MTCA.

24        68.    In 1992, a group of potentially liable parties ("PLPs") started a Phase
25    I Remedial Investigation ("RI") to develop information on the nature and extent of

26

COMPLAINT FOR DECLARATORY JUDGMENT- 15

4811-6415-7990.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1  contamination in the soil, soil gas, and groundwater near potential contaminant

2  sources at the Site.

3      69.    The Phase I RI confirmed the presence of site-related contamination

4  in soil, soil gas, and groundwater at levels exceeding then applicable cleanup levels

5  under MTCA.

6      70.    In November 1994, Ecology ordered certain PLPs to perform a Phase

7  II RI and Feasibility Study (FS) to further define and characterize the source,

8  nature, degree, and extent of contamination at the Site.

9      71.    The Phase II RI Report confirmed that hazardous substances had been

10 "released" to the environment, within the meaning of RCW 70.105D.020(20). The

11 FS was completed and accepted as final by Ecology in October 1999.

12     72.    In ensuing years, Plaintiff executed an Agreed Order with Ecology,

13 most recently updated and amended in 2012, under which Plaintiff is responsible

14 for performing remedial measures at the Site.

15     73.    Plaintiff has incurred, and continues to incur, substantial costs in

16 connection with these activities.

17     74.    Interim Remedial Measures taken at the site include installation,

18 testing, and operation of a soil vapor extraction (SVE) system and groundwater

19 treatment system.  Further actions have been taken, including installation of

20 engineered landfill caps, removal of drums, institutional controls implementation,

21 and expansion of and upgrades to systems in place.

22     75.    Plaintiff continues to diligently perform its obligations under the

23 Agreed Order in good faith.

24     76.    Defendant 3M COMPANY knew or should have known about the

25 appropriate handling process and the industry standards for the proper disposal of

26 hazardous substances.

COMPLAINT FOR DECLARATORY JUDGMENT- 16
4811-6415-7990.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1      77.    Defendant 3M COMPANY failed to comply with the appropriate

2  handling process and the industry standards for proper disposal of hazardous

3  substances.

4      78.    Defendant Akzo Nobel Canada, Inc. knew or should have known

5  about the appropriate handling process and the industry standards for the proper

6  disposal of hazardous substances.

7      79.    Defendant Akzo Nobel Canada, Inc. failed to comply with the

8  appropriate handling process and the industry standards for proper disposal of

9  hazardous substances.

10      80.    Defendant Boeing Company knew or should have known about the

11  appropriate handling process and the industry standards for the proper disposal of

12  hazardous substances.

13      81.    Defendant Boeing Company failed to comply with the appropriate

14  handling process and the industry standards for proper disposal of hazardous

15  substances.

16      82.    Defendant Collier Carbon & Chemical Company knew or should have

17  known about the appropriate handling process and the industry standards for the

18  proper disposal of hazardous substances.

19      83.    Defendant Collier Carbon & Chemical Company failed to comply

20  with the appropriate handling process and the industry standards for proper

21  disposal of hazardous substances.

22      84.    Defendant Crown Beverage Packaging, Inc. knew or should have

23  known about the appropriate handling process and the industry standards for the

24  proper disposal of hazardous substances.

25

26

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

85. Defendant Crown Beverage Packaging, Inc. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

86. Defendant Daimler Trucks North America knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

87. Defendant Daimler Trucks North America failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

88. Defendant Georgia-Pacific LLC knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

89. Defendant Georgia-Pacific LLC failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

90. Defendant Goodrich Corporation knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

91. Defendant Goodrich Corporation failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

92. Defendant Intalco Aluminum Corp. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

93.    Defendant Intalco Aluminum Corp. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

94.    Defendant Monsanto Company knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

95.    Defendant Monsanto Company failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

96.    Defendant PACCAR INC. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

97.    Defendant PACCAR INC. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

98.    Defendant PCC Structurals, Inc. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

99.    Defendant PCC Structurals, Inc. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

100.    Defendant Pharmacia Corp. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

101.  Defendant Pharmacia Corp. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

102.  Defendant Simpson Timber Company knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

103.  Defendant Simpson Timber Company failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

104.  Defendant Standard Register Company knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

105.  Defendant Standard Register Company failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

106.  Defendant Weyerhaeuser NR Company knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

107.  Defendant Weyerhaeuser NR Company failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

108.  Defendant Blount, Inc. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

109.  Defendant Blount, Inc. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

110.   Defendant E.I. Du Pont Nemours and Co., Inc. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

111.   Defendant E.I. Du Pont Nemours and Co., Inc. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

112.   Defendant Morton International, Inc. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

113.   Defendant Morton International, Inc. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

114.   Defendant PPG Industries, Inc. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

115.   Defendant PPG Industries, Inc. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

116.   Defendant Puget Sound Naval Shipyards knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

117.   Defendant Puget Sound Naval Shipyards failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

118.  Defendant Sandvik Special Metals, LLC knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

119.  Defendant Sandvik Special Metals, LLC failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

120.  Defendant United States Air Force knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

121.  Defendant United States Air Force failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

122.  Defendant United States Department of Agriculture knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

123.  Defendant United States Department of Agriculture failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

124.  Defendant United States Department of the Interior knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

125.  Defendant United States Department of the Interior failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

126. Defendant Zep Manufacturing knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

127. Defendant Zep Manufacturing failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

128. Defendant Bayer CropScience, LP knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

129. Defendant Bayer CropScience, LP failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

130. Defendant Advanced Electroplating, Inc. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

131. Defendant Advanced Electroplating, Inc. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

132. Defendant Carr Aviation Consulting Services, Inc. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

133. Defendant Carr Aviation Consulting Services, Inc.  failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

134.   Defendant Columbia Processer Co-op knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

135.   Defendant Columbia Processer Co-op failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

136.   Defendant D.G. Shelter Products Company knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

137.   Defendant D.G. Shelter Products Company failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

138.   Defendant DiGiorgio Corporation knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

139.   Defendant DiGiorgio Corporation failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

140.   Defendant Freightliner Corporation knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

141.   Defendant Freightliner Corporation failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

142.    Defendant Fuller-O'Brien Corporation knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

143.    Defendant Fuller-O'Brien Corporation failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

144.    Defendant Glidden Corporation knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

145.    Defendant Glidden Corporation failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

146.    Defendant Harbor Distributing Company knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

147.    Defendant Harbor Distributing Company failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

148.    Defendant Harbor Oil, Inc. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

149.    Defendant Harbor Oil, Inc. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

150. Defendant Hearin Products, Inc. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

151. Defendant Hearin Products, Inc. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

152. Defendant HUICO knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

153. Defendant HUICO failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

154. Defendant James River Corporation knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

155. Defendant James River Corporation failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

156. Defendant Kalama Chemical, Inc. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

157. Defendant Kalama Chemical, Inc. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

158. Defendant Liquid Waste Disposal, Inc. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

159. Defendant Liquid Waste Disposal, Inc. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

160. Defendant Northwest VIP Corp. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

161. Defendant Northwest VIP Corp. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

162. Defendant Piute Energy and Transportation Company knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

163. Defendant Piute Energy and Transportation Company failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

164. Defendant Precision Castparts Corporation knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

165. Defendant Precision Castparts Corporation failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

166. Defendant PureGro Company knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

167. Defendant PureGro Company failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

168. Defendant Rhone-Poulenc Chemical Company knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

169. Defendant Rhone-Poulenc Chemical Company failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

170. Defendant Wood Treatment Chemical Company knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

171. Defendant Wood Treatment Chemical Company failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

172. Defendant Agreserves, Inc. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

173. Defendant Agreserves, Inc. failed to comply with the appropriate handling process and the industry standards for proper disposal of hazardous substances.

174. Defendant Chemed Corp. knew or should have known about the appropriate handling process and the industry standards for the proper disposal of hazardous substances.

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1    175.   Defendant Chemed Corp. failed to comply with the appropriate

2  handling process and the industry standards for proper disposal of hazardous

3  substances.

4    176.   Defendant Farmland Reserve, Inc. knew or should have known about

5  the appropriate handling process and the industry standards for the proper disposal

6  of hazardous substances.

7    177.   Defendant Farmland Reserve, Inc. failed to comply with the

8  appropriate handling process and the industry standards for proper disposal of

9  hazardous substances.

10    178.   Defendant Hoffman Corporation knew or should have known about

11  the appropriate handling process and the industry standards for the proper disposal

12  of hazardous substances.

13    179.   Defendant Hoffman Corporation failed to comply with the appropriate

14  handling process and the industry standards for proper disposal of hazardous

15  substances.

16    180.   Defendant Southwest Suburban Sewer District knew or should have

17  known about the appropriate handling process and the industry standards for the

18  proper disposal of hazardous substances.

19    181.   Defendant Southwest Suburban Sewer District failed to comply with

20  the appropriate handling process and the industry standards for proper disposal of

21  hazardous substances.

22    182.   The PLPs have yet to determine their respective percentage of liability

23  for those clean-up costs.

24

25

26

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1

### FIRST CLAIM FOR RELIEF

2

### Declaratory Judgment: CERCLA

3      183.   Paragraphs 1 through 182 are realleged and incorporated herein by

4   reference.

5      184.   The Pasco Landfill Site is a "facility" within the meaning of 42 U.S.C.

6   § 9601(9).

7      185.   Hazardous substances as defined by 42 U.S.C. § 9601(14) were

8   released at the facility and into the environment by the actions of the Defendants.

9      186.   The Defendants are liable as owners, operators, transporters, and/or

10   arrangers under 42 U.S.C. § 9607(a), for hazardous substances disposed at the Site

11   that were released into the environment.

12      187.   The Defendants' releases caused Plaintiff and other PLPs to incur

13   response costs, and continue to cause Plaintiff and other PLPs to incur response

14   costs, as defined by 42 U.S.C. § 9601(25).

15      188.   The remedies performed (and to be performed) at the Site, and the

16   response costs incurred (and to be incurred) by Plaintiff are under agreements with

17   Ecology and are consistent with the National Contingency Plan.

18      189.   There is a present and justiciable controversy between Plaintiff and

19   Defendants relating to liability and a fair apportionment of past and future response

20   costs relating to the release of hazardous substances at the Site.

21      190.   Under 28 U.S.C. §2201 et seq., and 42 U.S.C. § 9613, Plaintiff

22   requests and is entitled to a declaratory judgment that the Defendants are liable

23   parties under CERCLA, 42 U.S.C. § 9607(a), with respect to releases of hazardous

24   substances at the Site, and to an equitable allocation of past and future response

25   costs as between Plaintiff and Defendants, including an allocation of past and

26   future response costs attributed to any "orphan entities."

COMPLAINT FOR DECLARATORY JUDGMENT- 30

4811-6415-7990.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment: MTCA

191.   Paragraphs 1 through 190 are realleged and incorporated herein by reference.

192.   The Pasco Landfill is a "facility" within the meaning of RCW 70.105D.020(8).

193.   Hazardous substances as defined by RCW 70.105D.020(13) were released by the actions of the Defendants.

194.   The Defendants are liable as owners, operators, transporters, and/or arrangers under RCW 70.105D.040(1), for hazardous substances disposed of at the Site that were released into the environment.

195.   The Defendants' releases caused Plaintiff and other PLPs to incur remedial action costs, and continue to cause Plaintiff and other PLPs to incur remedial action costs, as defined by RCW 70.105D.020(33).

196.   The remedial actions performed (and to be performed) at the Site, and the remedial action costs incurred (and to be incurred) by Plaintiff are under agreements with Ecology and are therefore department-supervised remedial actions under RCW 70.105D.080.

197.   There is a present and justiciable controversy between Plaintiff and Defendants relating to liability and a fair apportionment of past and future remedial action costs relating to the release of hazardous substances at the Site.

198.   Under RCW 70.105D.080 and Chapter 7.24 RCW, Plaintiff requests and is entitled to a declaratory judgment that the Defendants are liable parties under MTCA, RCW 70.105D.040, with respect to releases of hazardous substances at the Site, and to an equitable allocation of past and future remedial action costs as

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

between Plaintiff and Defendants, including an allocation of past and future remedial action costs attributed to any "orphan entities."

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Enter a declaratory judgment under 42 U.S.C. § 9601 et seq., 28 U.S.C. § 2201 et seq., and 42 U.S.C. § 9613 that the Defendants are liable as owners, operators, transporters, and/or arrangers under 42 U.S.C. § 9607(a) for hazardous substances disposed at the Site  that were released into the environment, and that Plaintiff is entitled to an equitable allocation as between Plaintiff and Defendants of necessary response costs incurred, or to be incurred, in response to the release of hazardous substances at the Site.

2. Enter a declaratory judgment under RCW 70.105D.080 and Chapter 7.24 RCW that the Defendants are liable under RCW 70.105D.040 for hazardous substances disposed at the Site that were released into the environment, and that Plaintiff is entitled to an equitable allocation as between Plaintiff and Defendants of remedial action costs incurred or to be incurred in response to the release of hazardous substances at the Site.

3. An award of reasonable attorneys' fees and costs, should Plaintiff be ruled a prevailing party under RCW 70.105D.080.

4. Grant such other and further relief as the Court deems just and proper.

//
//
//
//
//

COMPLAINT FOR DECLARATORY JUDGMENT- 32
4811-6415-7990.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DATED this 5th day of August, 2015.

RIDDELL WILLIAMS P.S.

By _____

Loren R. Dunn, WSBA #17135
Mindy L. DeYoung, WSBA #39424
ldunn@riddellwilliams.com
mdeyoung@riddellwilliams.com

Attorneys for Plaintiff Basin Disposal, Inc.

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600