FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 08, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| BASIN DISPOSAL, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>Defendants. | No. 4:15-CV-05078-SMJ<br><br>**CONSENT DECREE BETWEEN IWAG III PARTIES AND THE UNITED STATES, AND ORDER OF DISMISSAL** |

## CONSENT DECREE BETWEEN IWAG III PARTIES AND THE UNITED STATES, AND ORDER OF DISMISSAL

This Consent Decree is made between Defendants 3M Company, Akzo Nobel Canada, Inc. (n/k/a PPG Architectural Coatings Canada Inc.), Blount, Inc., The Boeing Company, Crown Beverage Packaging, LLC, Daimler Trucks North America LLC, Goodrich Corporation, Georgia-Pacific LLC, Intalco Aluminum Corporation, PACCAR, Inc., PCC Structurals, Inc., Pharmacia LLC, Simpson Timber Company, Union Oil Company of California, and Weyerhaeuser NR Company (collectively "IWAG III Parties"), on the one hand, and the United States of America, Puget Sound Naval Shipyard ("PSNS"), United States Air Force ("USAF"), United States Army Corps of Engineers ("USACE"), United States Department of Agriculture ("USDA"), United States Department of the

April 22, 2020

Interior ("DOI"), Bonneville Power Administration ("BPA"), United States Coast Guard ("USCG") and United States Department of Energy ("DOE") (collectively "United States"), on the other hand. The IWAG III Parties and the United States are collectively referred to as the "Consent Decree Parties" and individually as a "Consent Decree Party."

WHEREAS, Plaintiff Basin Disposal, Inc. ("BDI") filed an original Complaint in this case on August 5, 2015, Dkt. No. 1, which has been amended twice and joined in by Plaintiffs BNSF Railway Company ("BNSF") and Pasco Sanitary Landfill, Inc. ("PSL"), Dkt. Nos. 6, 150;

WHEREAS, the Second Amended Complaint, Dkt. No. 150, asserted claims for cost recovery, contribution and declaratory judgment against various named defendants, including the IWAG III Defendants, PSNS, USAF, USACE, USDA, DOI, and others, under the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601-75 ("CERCLA") and the Washington Model Toxics Control Act, as amended, Chapter 70.105D RCW ("MTCA"), for response costs incurred and to be incurred by Plaintiffs and other potentially liable parties at the Pasco Sanitary Landfill NPL Site ("Site");

CONSENT DECREE BETWEEN                                    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 2

WHEREAS, the IWAG III Parties have asserted cross-claims and third-party claims under CERCLA and/or MTCA against, among others, BPA, USCG and DOE, alleging, *inter alia*, that the IWAG III Parties have incurred and will incur Response Costs (as defined herein) with respect to the Site, and seeking, *inter alia*, to recover Response Costs from the United States and other parties in this case;

WHEREAS, numerous other parties to this case have asserted claims under CERCLA and/or MTCA in response to the claims asserted against them, including claims against Plaintiffs, the IWAG III Parties, and the United States;

WHEREAS, the MTCA claims asserted against the United States in this case have been dismissed with prejudice, *see*, *e.g.*, ECF Nos. 396, 397, 399;

WHEREAS, the IWAG III Parties and the United States agree that settlement of this case is in the public interest, that settlement of this matter will avoid the costs and uncertainties of further litigation, and that entry of this Consent Decree is the most appropriate means of resolving the claims against the United States in this case;

WHEREAS, this Consent Decree is intended to include a complete and final settlement of Plaintiffs' claims against the United States set forth in the

CONSENT DECREE BETWEEN
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 3

April 22, 2020

Second Amended Complaint, the IWAG III Parties' claims set forth in their cross-claims and third-party claims against the United States, and all other claims against the United States in this case regarding the Site; and

WHEREAS, the Court finds that this Consent Decree is reasonable, fair, lawful, and adequately protects the public interest;

THEREFORE, without further adjudication of any issue of fact or law, and upon consent of the Consent Decree Parties by their authorized representatives, the Court finds that there is good and sufficient cause to enter this Consent Decree, and it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and pursuant to 28 U.S.C. § 1331 and 1345.

2.      Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C.§ 1391.

## II. PARTIES BOUND

3.      This Consent Decree is binding upon the United States and upon the IWAG III Parties and the IWAG III Parties' respective successors and assigns.

CONSENT DECREE BETWEEN                                    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 4

Any change in ownership or corporate or other legal status, including, but not limited to, any bankruptcy, transfer of stock, assets, ownership interests, or real or personal property, shall not alter the Consent Decree Parties' respective responsibilities and obligations under this Consent Decree.

III. DEFINITIONS

4.    Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

a.    "3M Company" shall mean Defendant 3M Company and persons acting on 3M Company's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys, assigns, parent companies, subsidiaries, and all related entities, whether pursuant to contract, by operation of law, or otherwise. For purposes of this Consent Decree, the term "3M Company" specifically includes the "Minnesota Mining and Manufacturing Company" identified in historical documents related to the Site.

CONSENT DECREE BETWEEN                                        April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 5

b.    "Blount" shall mean Defendant Blount, Inc. and persons acting on Blount's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "Blount" specifically includes the "Oregon Saw and Chain Division" and "Omark Industries" identified in historical documents related to the Site.

c.    "Boeing" shall mean Defendant The Boeing Company and persons acting on Boeing's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise.

d.    "BPA" shall mean Third-Party Defendant Bonneville Power Administration, its successor departments, agencies or instrumentalities, and persons acting on BPA's behalf.

e.    "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675.

CONSENT DECREE BETWEEN
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 6                                                  April 22, 2020

f.    "Consent Decree" shall mean this Consent Decree.

g.    "Consent Decree Parties" shall mean the the United States and the IWAG III Parties to this Consent Decree. Individually, any of the Consent Decree Parties may be referred to in this Consent Decree as a "Consent Decree Party."

h.    "Contamination" shall mean any pollutant, contaminant, hazardous substance, solid waste, or hazardous waste, as those terms are defined under CERCLA or the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901-6992k.

i.    "Covered Matters" shall mean any and all claims asserted or that could have been asserted and relief sought by the IWAG III Parties against the United States in this case and any other past and future claims that the IWAG III Parties could now or hereafter assert against the United States relating to any Contamination at or emanating from the Site, with the exception of: (i) any claims or causes of action for natural resource damages regarding the Site; (ii) liability based upon (a) ownership or operation of the Site after the Effective Date of this Consent Decree or (b) the transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a

CONSENT DECREE BETWEEN                                        April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 7

Hazardous Substance at the Site after the Effective Date of this Consent Decree; and (iii) claims seeking the United States' alleged proportionate share of liability for toxic torts, trespass, nuisance, personal injury or property damage, brought in response to claims for toxic torts, trespass, nuisance, personal injury or property damage asserted after the Effective Date of this Consent Decree by persons or entities that (a) are not parties to this Consent Decree (b) are not and have not been parties to this lawsuit and (c) have not been named as a potentially liable party at the Site.  Covered Matters does not include any past or future claims that the IWAG III Parties could now or hereafter assert against each other.

j.    "Crown Beverage" shall mean Defendant Crown Beverage Packaging, LLC and persons acting on Crown Beverage's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "Crown Beverage" specifically includes the "Continental Can Company" identified in historical documents related to the Site.

k.    "Daimler Trucks" shall mean Defendant Daimler Trucks North America LLC and persons acting on Daimler Trucks' behalf, including

CONSENT DECREE BETWEEN
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 8

April 22, 2020

without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "Daimler Trucks" specifically includes the "Freightliner Corporation" identified in historical documents related to the Site.

l.    "Day" shall mean calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next day that is not a Saturday, Sunday, or Federal holiday.

m.    "DOE" shall mean Third-Party Defendant United States Department of Energy, its successor departments, agencies or instrumentalities, and persons acting on DOE's behalf.

n.    "DOI" shall mean Defendant United States Department of the Interior, its successor departments, agencies or instrumentalities, and persons acting on DOI's behalf.

o.    "Double Recovery" shall mean: (i) any Third-party Reimbursement of any of the money being paid by the United States pursuant to this Consent Decree; and (ii) any compensation of any kind for Response Costs

CONSENT DECREE BETWEEN                                     April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 9

provided by the United States to any of the IWAG III parties, other than the money being paid pursuant to this Consent Decree, with such compensation to include, but not be limited to, direct payments, federal contract payments or credits, and the compromise of any claims, causes of action, suits, or demands of any kind whatsoever in law or in equity for Response Costs, whether asserted against the United States or other persons or entities.

p.      "Effective Date" shall mean the date upon which this Consent Decree is entered by the Court.

q.      "EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

r.      "Goodrich" shall mean Defendant Goodrich Corporation on behalf of Kalama Specialty Chemicals, Inc. and persons acting on Goodrich's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "Goodrich" specifically includes "Kalama Specialty Chemicals, Inc." and the "Kalama Chemical Inc." identified in historical documents related to the Site.

CONSENT DECREE BETWEEN                                    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 10

s.    "GP" shall mean Defendant Georgia-Pacific LLC and persons acting on GP's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "GP" specifically includes the "Crown Zellerbach" and "James River Corporation" identified in historical documents related to the Site, but not "Pacific Resin & Chemical, Inc." GP denies that it is the successor to Pacific Resin & Chemical, Inc.

t.    "Hazardous Substance" shall have the same meaning as defined in CERCLA Section 101(14), 42 U.S.C. § 9601(14).

u.    "Intalco" shall mean Defendant Intalco Aluminum Corporation and persons acting on Intalco's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise.

v.    "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The

CONSENT DECREE BETWEEN                                    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 11

applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

w.    "IWAG III Parties" shall mean collectively 3M Company, Blount, Boeing, Crown Beverage, Daimler Trucks, Goodrich, GP, Intalco, PACCAR, PCC Structurals, Pharmacia, PPG Architectural Coatings Canada, Simpson Timber, Unocal and Weyerhaeuser. Individually, any of the IWAG III Parties may be referred to in this Consent Decree as an "IWAG III Party."

x.    "MTCA" shall mean the Washington Model Toxics Control Act, as amended, Chapter 70.105D RCW.

y.    "PACCAR" shall mean Defendant PACCAR, Inc. and persons acting on PACCAR's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "PACCAR" specifically includes the "Pacific Car & Foundry" identified in historical documents related to the Site.

z.    "Paragraph" or "Sub-Paragraph" shall mean an enumerated paragraph or sub-paragraph of this Consent Decree.

CONSENT DECREE BETWEEN                                    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 12

aa.    "Pasco Landfill Trust Account" shall mean the IOLTA trust account maintained by The Justis Law Firm LLC, lead counsel for the IWAG III Parties in this case.

bb.    "PCC Structurals" shall mean Defendant PCC Structurals, Inc. and persons acting on PCC Structurals' behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "PCC Structurals" specifically includes the "Precision Castparts Corp." identified in historical documents related to the Site.

cc.    "Pharmacia" shall mean Defendant Pharmacia LLC and persons acting on Pharmacia's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "Pharmacia" specifically includes "Monsanto" and "Wood Treatment Chemical Co." identified in historical documents related to the Site.

CONSENT DECREE BETWEEN
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 13

April 22, 2020

dd.    "PPG Architectural Coatings Canada" shall mean Defendant Akzo Nobel Canada, Inc. (n/k/a PPG Architectural Coatings Canada Inc.) and persons acting on PPG Architectural's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "PPG Architectural Coatings Canada" specifically includes the "Canadian Industries Limited" identified in historical documents related to the Site, but does not include Defendants PPG Architectural Finishes, Inc. or PPG Industries, Inc.

ee.    "Response Costs" shall mean all costs of "response" as that term is  defined in CERCLA Section 101(25), 42 U.S.C. § 9601(25), for response actions conducted at or in connection with the Site, as "Site" is defined herein.[1]

---

[1]    In the event that there is a change in law that makes MTCA or a similar, subsequently enacted Washington cleanup statute applicable to the United States at the Site, then this definition of "Response Costs" shall be deemed to include costs of "remedy" or "remedial action" as those terms are defined in RCW 70.105D.020(33) or costs of a related nature in the subsequently enacted statute.

CONSENT DECREE BETWEEN                                    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 14

ff.     "Simpson Timber" shall mean Defendant Simpson Timber Company and persons acting on Simpson Timber's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise.

gg.     "Site" shall mean the facility known as the Pasco Sanitary Landfill NPL Site, located in Pasco, Franklin County, Washington, including any area where a Hazardous Substance that has been deposited, stored, disposed of, or placed at the facility has come, or will come, to be located. The IWAG III Parties reserve their arguments regarding divisibility based on the assertion that the "Site" is comprised of distinct areas, including the Industrial Waste Areas (known as Zones A, C/D, and E) and the Municipal Solid Waste Areas (known as the Balefill area, the Inert Waste Disposal area, the Burn Trenches, the septic lagoons, the Landspread area, the Sludge Management area, and the Municipal Solid Waste Landfill).  Nonetheless, this Consent Decree addresses the United States' liability at the entire "Site."

hh.     "Third-party Reimbursement" shall mean any payment of, or consideration for, Response Costs that any of the IWAG III Parties receives from

CONSENT DECREE BETWEEN                                        April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 15

any person or entity other than the United States, including but not limited to, direct payments, insurance or contract recoveries, the discharge of any debt or obligation, or the satisfaction of any claims, causes of action, suits, or demands of any kind whatsoever in law or in equity.

ii.    "Unocal" shall mean Defendant Union Oil Company of California and persons acting on Unocal's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "Unocal" specifically includes the "Collier Carbon and Chemical Corp." identified in historical documents related to the Site.

jj.    "United States" shall mean the United States of America, and all agencies, departments, and instrumentalities of the United States, including but not limited to, BPA, DOE, DOI, USACE, USAF, USCG, USDA, and USN.

kk.    "USACE" shall mean Defendant United States Army Corps of Engineers, its successor departments, agencies or instrumentalities, and persons acting on USACE's behalf.

CONSENT DECREE BETWEEN                                    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 16

ll.    "USAF" shall mean Defendant United States Air Force, its successor departments, agencies or instrumentalities, and persons acting on USAF's behalf.

mm.    "USCG" shall mean Third-Party Defendant United States Coast Guard, its successor departments, agencies or instrumentalities, and persons acting on USCG's behalf.

nn.    "USDA" shall mean Defendant the United States Department of Agriculture, its successor departments, agencies or instrumentalities, and persons acting on USDA's behalf.

oo.    "USN" shall mean the United States Navy, including Defendant PSNS, the USN's successor departments, agencies or instrumentalities, and persons acting on USN's behalf.

pp.    "Weyerhaeuser" shall mean Defendant Weyerhaeuser NR Company and persons acting on Weyerhaeuser's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise.

## IV. GOOD FAITH NEGOTIATIONS; NON-ADMISSIONS

CONSENT DECREE BETWEEN
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 17

April 22, 2020

5.     This Consent Decree was negotiated and executed by the Consent Decree Parties in good faith and at arm's length and is a fair and equitable compromise of claims that were vigorously contested.

6.     With the exception of Paragraphs 1 and 2, this Consent Decree is not to be interpreted as an admission on the part of any Consent Decree Party of any issue of fact or law, or liability or wrongdoing, and it is expressly understood that no Consent Decree Party, by agreeing to this Consent Decree, admits liability of any sort or any other issue of fact or law.

## V. PAYMENT OF RESPONSE COSTS

7.     Within a reasonable time after the Effective Date of this Consent Decree, the United States shall pay Seven Million Five Hundred Thousand Dollars ($7,500,000.00) to the "Pasco Landfill Trust Account," which resolves the United States' alleged potential liability for Covered Matters.

8.     Payment to the "Pasco Landfill Trust Account" under Paragraph 7 above shall be made by Electronic Funds Transfer in accordance with instructions provided below, unless notice of revised payment instructions is provided by the IWAG III Parties in accordance with Paragraph 19.

CONSENT DECREE BETWEEN
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 18

April 22, 2020

| Bank Name: | Commerce Bank |
| Bank Address: | 11080 Oakmont St. |
| Bank City, State: | Overland Park, KS  66210 |
| ABA/Routing Number: | 101000019 |
| Account Number: | 591028706 |

9.     In the event the payment by the United States under Paragraph 7 above is not made within 120 days after the Effective Date of this Consent Decree, or within 120 days after the date upon which the IWAG III Parties provide the United States with any revised payment instructions, whichever is later, then Interest on the unpaid balance shall begin accruing as of the 121st day after such later date. In the event the United States cannot make the payment due to an error in the payment instructions or account information provided by the IWAG III Parties, any time limits for payments by the United States shall be tolled until after the correct account information is transmitted to the United States.

10.     Said payment by the United States is subject to the availability of funds appropriated for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-42 and 1511-19.

CONSENT DECREE BETWEEN
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 19

April 22, 2020

## VI. RELEASES; COVENANTS NOT TO SUE;
## DOUBLE RECOVERY; RESERVATIONS; INDEMNIFICATION

11.    Upon the Effective Date of this Consent Decree, for and in consideration of the commitments by the United States in this Consent Decree, the IWAG III Parties hereby forever release, discharge, and covenant and agree not to assert (by way of commencement of an action or proceeding or otherwise, by the joinder of the United States in an existing action, counterclaim, or in any other fashion) any and all claims, causes of action, suits or demands of any kind whatsoever in law or in equity which they, or their respective subsidiaries, parents, affiliates, assigns, consultants, insurers, or any other related entities, had, may have had, and currently or may hereafter have, including, but not limited to, claims under CERCLA, against the United States for Covered Matters.

12.    Each of the IWAG III Parties hereby warrants that it has not sought or received, and shall not in the future seek to receive, any Double Recovery, whether through Third-party Reimbursement, any federal contract, or any claim, cause of action, suit, or demand of any kind whatsoever in law or in equity. Based on each of the IWAG III Parties' knowledge and belief, and subject to the penalties of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and other applicable law, each of the IWAG III Parties hereby warrants to the United States that, other

CONSENT DECREE BETWEEN                                    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 20

than the money paid by the United States pursuant to this Consent Decree, it has neither sought nor received from the United States compensation for Response Costs, nor will it seek or receive in the future further compensation for Response Costs or reimbursement from the United States of any costs paid or to be paid by the United States pursuant to this Consent Decree. In the event that any IWAG III Party receives a Double Recovery, within ninety days thereafter such IWAG III Party shall repay the United States dollar-for-dollar in the amount of the Double Recovery. Such amount shall accrue interest as described in 26 U.S.C. § 6621 and § 6622 from the date on which it was received. If a Double Recovery is received from the United States pursuant to a federal contract, the receiving IWAG III Party shall notify the responsible official for that federal contract in writing within 30 days, and reimburse the United States: (1) pursuant to an express reimbursement provision in that federal contract, if any; or (2) if the federal contract contains no express reimbursement provision, by transmitting a sum equal to the amount of the Double Recovery in accordance with written instructions provided by the responsible official for that federal contract.

13.   The United States expressly reserves its right to assert against the IWAG III Parties (and any other person and/or party) any claims or actions

CONSENT DECREE BETWEEN
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 21

April 22, 2020

regarding the Site brought on behalf of the United States Environmental Protection Agency, any lead agency under the National Contingency Plan, or a natural resource trustee. Nothing in this Consent Decree shall constitute or be construed as a waiver, limitation, or release of any claims or causes of action by the United States to enforce any federal laws or regulations in connection with the Site, or as a limitation of the rights of the IWAG III Parties to contest or assert defenses to such claims or causes of action.

14.    The IWAG III Parties shall indemnify and hold harmless the United States and its officers, contractors, or employees against any and all past and future claims, demands, orders, causes of action, and/or judgments against the United States by any person, company, organization, or entity arising from or related to Covered Matters. Consistent with the definition of "Covered Matters" in Sub-paragraph 4.i, the IWAG III Parties' obligations pursuant to this Paragraph do not extend to claims against the United States for toxic torts, trespass, nuisance, personal injury or property damage asserted after the Effective Date of this Consent Decree by persons or entities that (a) are not parties to this Consent Decree (b) are not and have not been parties to this lawsuit and (c) have not been named as a potentially liable party at the Site. The IWAG III Parties'

CONSENT DECREE BETWEEN
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 22

April 22, 2020

total obligations pursuant to this Paragraph shall not exceed the amount of payment made by the United States pursuant to Paragraph 7. The IWAG III Parties shall have no duty to defend the United States.

## VII. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION; DISMISSALS

15.    Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Consent Decree Party. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Decree may have under applicable law. Each of the Consent Decree Parties expressly reserves any and all rights (including, but not limited to, any right of contribution), defenses, claims, demands, and causes of action that each Consent Decree Party may have against any person not a Consent Decree Party with respect to any matter, transaction, or occurrence relating in any way to the Site, other than the dismissal of the counterclaim by the United States in Paragraph 17 below.

16.    The Consent Decree Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), and that the United States is entitled, as of the Effective Date, to protection from

contribution actions or claims as provided by Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), or as may be otherwise provided by law, whether statute or common law, for any and all claims that were, could have been, could now be, or hereafter could be asserted against the United States by any person, seeking recovery or contribution regarding Response Costs relating to any Contamination at or emanating from the Site, with the exception of liability for Response Costs based upon (a) ownership or operation of the Site after the Effective Date of this Consent Decree or (b) the transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a Hazardous Substance at the Site after the Effective Date of this Consent Decree. As of the Effective Date of this Consent Decree, any and all claims that were, could have been, could now be, or hereafter could be asserted against the United States by any person, seeking recovery or contribution regarding Response Costs relating to any Contamination at or emanating from the Site are extinguished, discharged, satisfied, and/or otherwise unenforceable, with the exception of liability for Response Costs based upon (a) ownership or operation of the Site after the Effective Date of this Consent Decree or (b) the transportation, treatment, storage, or disposal, or the arrangement for the transportation,

CONSENT DECREE BETWEEN
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 24

April 22, 2020

treatment, storage, or disposal, of a Hazardous Substance at the Site after the Effective Date of this Consent Decree.

17.    As of the Effective Date of this Consent Decree, all claims asserted and relief sought in this case against the United States by any party to this case other than the IWAG III Parties are dismissed with prejudice.  As of the Effective Date of this Consent Decree, the counterclaim asserted by the United States in Federal Defendants' Answer to Second Amended Complaint and Counterclaim (Dkt. No. 175) also is dismissed with prejudice.

## VIII. OTHER CLAIMS

18.    Other than the dismissal of the counterclaim by the United States in Paragraph 17 above, this Consent Decree does not extend to or inure to the benefit of any party, person, or entity, other than the IWAG III Parties and the United States.  Nothing in this Consent Decree shall be construed to make any other party, person, or entity a third-party beneficiary of this Consent Decree. Furthermore, nothing in this Consent Decree is intended to be, nor shall be construed as, a waiver, release, or covenant not to sue for any claim or cause of action, administrative or judicial, in law or in equity, which the IWAG III Parties and the United States may have against any person, firm, partnership, trust,

CONSENT DECREE BETWEEN                                    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 25

corporation or any other entity that is not a party to this Consent Decree, other than the dismissal of the counterclaim by the United States in Paragraph 17 above.

## IX. NOTICES AND SUBMISSIONS

19.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Consent Decree Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Consent Decree Party in writing. Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the IWAG III Parties and the United States, respectively.

As to the IWAG III Parties:        Gary D. Justis
                                   The Justis Law Firm LLC
                                   10955 Lowell Ave.
                                   Suite 520
                                   Overland Park, KS  66210-2336

CONSENT DECREE BETWEEN                                    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 26

With copies to:

William W. Pearson
Pearson Law Group LLC
3509 E. Shea Blvd.
Suite 117
Scottsdale, AZ 85028

and

Katherine E. Page
Perkins Coie LLP
1201 Third Ave.
Suite 4900
Seattle, WA 98101-3099

and

Jennifer L. Sanscraine
Ogden Murphy Wallace P.L.L.C.
901 Fifth Ave.
Suite 3500
Seattle, WA 98164

As to the United States:    Chief, Environmental Defense Section
Environment and Natural Resources
        Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-11-6-20598

CONSENT DECREE BETWEEN                    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 27

With copy to:

Mark A. Nitczynski
Michele L. Walter
U.S. Department of Justice
Environmental Defense Section
999 18th St.
South Terrace, Suite 370
Denver, CO 80202
Re: DJ # 90-11-6-20598

Office of the General Counsel
Naval Litigation Office
720 Kennon Avenue SE
Building W-36, Room 233
Washington Navy Yard
Washington, D.C. 20374-5013

Any Consent Decree Party that changes its designated notice recipient(s) shall notify in writing the designated notice recipient(s) for the other Consent Decree Parties.

## X. RETENTION OF JURISDICTION

20.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

CONSENT DECREE BETWEEN                                    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 28

## XI. MODIFICATION

21.    Any modification to this Consent Decree shall be in writing, signed by the IWAG III Parties and the United States, and shall be effective upon approval by the Court.

## XII. COSTS OF SUIT

22.    Each Consent Decree Party shall bear its own costs and attorney's fees in this action.

## XIII. SIGNATORIES/SERVICE

23.    Each of the undersigned certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Consent Decree Party that he or she represents to this document.

24.    This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

## XIV. GENERAL PROVISIONS

25.    Complete Agreement. This Consent Decree contains the complete agreement between the Consent Decree Parties regarding the subject matter addressed herein and fully supersedes all prior contracts, agreements, understandings, negotiations or discussions, oral or written, relating to the subject

CONSENT DECREE BETWEEN                                        April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 29

matter hereof. There are no warranties, representations, agreements or understandings, oral or written, relating to the subject matter hereof that are not fully expressed or provided for herein.

26.    Headings. Any paragraph or subparagraph headings or section titles in this Consent Decree are provided solely as a matter of convenience to the reader and shall not be construed to alter the meaning of any paragraph or provisions of this Consent Decree.

27.    Governing Law. This Consent Decree shall be governed and interpreted in accordance with federal law.

28.    No Use As Evidence: This Consent Decree shall not be admitted into evidence or admissible as evidence in any action or proceeding other than the above-captioned action in which this Consent Decree is entered, except for the following:

a.    An action, cross-claim, or counterclaim brought by the IWAG III Parties or the United States to enforce this Consent Decree; and

b.    Any proceeding where the United States seeks to establish that it is entitled to protection from claims under this Consent Decree, or to enforce the IWAG III Parties' indemnification of the United States, or any action

CONSENT DECREE BETWEEN                                            April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 30

or proceeding related to the obligations of the Consent Decree Parties under this Consent Decree.

## XV. FINAL JUDGMENT

29.    This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Consent Decree Parties regarding the settlement embodied in the Consent Decree. The Consent Decree Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the Consent Decree Parties.

United States of America:

By: _____         Dated: _5/15/2020_
    Mark A. Nitczynski
    Michele L. Walter
    United States Department of Justice
    Environmental Defense Section

CONSENT DECREE BETWEEN                                              April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 31

IWAG III Parties:

3M Company

By:_____          Dated: April 27, 2020
     James R. Kotsmith, P.E.
     Manager, Corporate Environmental
     3M Environment, Health, Safety
       and Products Stewardship

Akzo Nobel Canada, Inc. (n/k/a PPG Architectural Coatings Canada Inc.)

By:_____          Dated:_____
     Steven F. Faeth
     Corporate Counsel

Blount, Inc.

By:_____          Dated:_____
     Chad E. Paulson
     Senior Vice President, General Counsel
       and Secretary

CONSENT DECREE BETWEEN                          April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 32

IWAG III Parties:

3M Company

By:_____          Dated:_____
     James R. Kotsmith, P.E.
     Manager, Corporate Environmental
     3M Environment, Health, Safety
      and Products Stewardship


Akzo Nobel Canada, Inc. (n/k/a PPG Architectural Coatings Canada Inc.)



By:_____          Dated:_____
     Steven F. Faeth                                April 24, 2020
     Corporate Counsel

Blount, Inc.



By:_____          Dated:_____
     Chad E. Paulson
     Senior Vice President, General Counsel
      and Secretary



CONSENT DECREE BETWEEN                        April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 31

IWAG III Parties:

3M Company

By:_____                    Dated:_____
    James R. Kotsmith, P.E.
    Manager, Corporate Environmental
    3M Environment, Health, Safety
     and Products Stewardship

Akzo Nobel Canada, Inc. (n/k/a PPG Architectural Coatings Canada Inc.)

By:_____                    Dated:_____
    Steven F. Faeth
    Corporate Counsel

Blount, Inc.

By:_____                    Dated:_May 4, 2020_
    Chad E. Paulson
    Senior Vice President, General Counsel
     and Secretary

CONSENT DECREE BETWEEN                                   April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 32

The Boeing Company

By:_____          Dated:_____
    Katie Page on behalf of
    Stanley N. Alpert
    Senior Environmental Counsel


Crown Beverage Packaging, LLC


By:_____          Dated:_____
    Michael J. Rowley
    Asst. General Counsel and Asst. Secretary


Daimler Trucks North America LLC


By:_____          Dated:_____
    Jennifer E. Marsh
    Associate General Counsel

CONSENT DECREE BETWEEN                          April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 33

The Boeing Company

By:_____                    Dated:_____
    Stanley N. Alpert
    Senior Environmental Counsel


Crown Beverage Packaging, LLC


By: _____                   Dated: 4/28/20
    Michael J. Rowley
    Asst. General Counsel and Asst. Secretary


Daimler Trucks North America LLC



By:_____                    Dated:_____
    Jennifer E. Marsh
    Associate General Counsel


Goodrich Corporation


By:_____                    Dated:_____
    Kristen W. Sherman
    Associate General Counsel


CONSENT DECREE BETWEEN                           April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 33

The Boeing Company


By:_____          Dated:_____
    Stanley N. Alpert
    Senior Environmental Counsel


Crown Beverage Packaging, LLC


By:_____          Dated:_____
    Michael J. Rowley
    Asst. General Counsel and Asst. Secretary


Daimler Trucks North America LLC


By:_____          Dated:_April 27, 2020
    Jennifer E. Marsh
    Associate General Counsel


Goodrich Corporation


By:_____          Dated:_____
    Kristen W. Sherman
    Associate General Counsel


CONSENT DECREE BETWEEN                     April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 33

The Boeing Company

By:_____    Dated:_____
     Stanley N. Alpert
     Senior Environmental Counsel


Crown Beverage Packaging, LLC


By:_____    Dated:_____
     Michael J. Rowley
     Asst. General Counsel and Asst. Secretary


Daimler Trucks North America LLC


By:_____    Dated:_____
     Jennifer E. Marsh
     Associate General Counsel


Goodrich Corporation


By: *Kristen W. Sherman*    Dated:_____5/1/20
     Kristen W. Sherman
     Associate General Counsel


CONSENT DECREE BETWEEN    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 32

1   Georgia-Pacific LLC

2

3

4   By: _Bryant T Champion_                    Dated: _4/27/20_
5        Bryant T. Champion
         SVP Environmental Affairs & Product Safety
6

7   Intalco Aluminum Corporation

8

9

10  By:_____              Dated:_____
11       Mark A. Stiffler
         Vice President
12       Intalco Aluminum LLC

13

14  PACCAR, Inc.

15

16

17  By:_____              Dated:_____
         Pamela S. Tonglao
18       Assistant General Counsel

19

20

21

22

23

24

25

26  CONSENT DECREE BETWEEN                                  April 22, 2020
    IWAG III AND THE UNITED
    STATES, AND ORDER OF
    DISMISSAL- 34

Georgia-Pacific LLC

By:_____          Dated:_____
        Bryant T. Champion
        SVP Environmental Affairs & Product Safety

Intalco Aluminum Corporation

By: _Mark A. Stiffler_                   Dated: May 5, 2020_____

        Mark A. Stiffler
        Vice President Intalco
        Aluminum LLC

PACCAR, Inc.

By:_____          Dated:_____
        Pamela S. Tonglao
        Assistant General Counsel

CONSENT DECREE BETWEEN                   April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 34

Georgia-Pacific LLC


By:_____          Dated:_____
     Bryant T. Champion
     SVP Environmental Affairs & Product Safety


Intalco Aluminum Corporation



By:_____          Dated:_____
     Mark A. Stiffler
     Vice President
     Intalco Aluminum LLC


PACCAR, Inc.



By: *Pamela S M.*                     Dated: _4/24/2020_
     Pamela S. Tonglao
     Assistant General Counsel


CONSENT DECREE BETWEEN                            April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 34

PCC Structurals, Inc.

By:_____    Dated:___5/6/2020___
     Ruth A. Beyer
     Sr. Vice President & General Counsel

Pharmacia LLC

By:_____    Dated:_____
     Drew Reavis
     Head of Environmental and Sustainability –
     Monsanto Company, as attorney-in-fact
       for Pharmacia LLC

Simpson Timber Company

By:_____    Dated:_____
     Kathryn Navarro, Esq.
     Vice President, General Counsel

CONSENT DECREE BETWEEN                    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 35

PCC Structurals, Inc.


By:_____          Dated:_____
    Ruth A. Beyer
    Sr. Vice President & General Counsel


Pharmacia LLC


By:_____          Dated: 24-April-2020
    Drew Reavis
    Head of Environmental and Sustainability –          Digitally signed by
    Monsanto Company, as attorney-in-fact          Chintan Amin
      for Pharmacia LLC          Date: 2020.04.24
                                      11:36:36 -04'00'
                                      Adobe Acrobat
                                      version:
                                      2020.006.20034


Simpson Timber Company


By:_____          Dated:_____
    Kathryn Navarro, Esq.
    Vice President, General Counsel


CONSENT DECREE BETWEEN                    April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 35

PCC Structurals, Inc.


By:_____          Dated:_____
     Ruth A. Beyer
     Sr. Vice President & General Counsel


Pharmacia LLC


By:_____          Dated:_____
     Drew Reavis
     Head of Environmental and Sustainability –
     Monsanto Company, as attorney-in-fact
       for Pharmacia LLC


Simpson Timber Company


By:_____          Dated:__April 24, 2020__
     Kathryn Navarro, Esq.
     Vice President, General Counsel


CONSENT DECREE BETWEEN                              April 22, 2020
IWAG III AND THE UNITED
STATES, AND ORDER OF
DISMISSAL- 34

DocuSign Envelope ID: FE64DA68-9325-4AF3-A0B2-C8T4DA598B8D

1  Union Oil Company of California, a California Corporation, as successor in
2  interest to Collier Carbon and Chemical Corporation

3
   By: _Harpreet K. Tiwana_____          Dated:_____5/6/2020_____
4  Name: Harpreet K. Tiwana
5  Its: Assistant Secretary

6

7  Weyerhaeuser NR Company

8

9

10  By:_____               Dated:_____
11       Kristen Swain
        VP Corp & Govt Affairs
12

13

14

15  SO ORDERED this _____ day of _____, 2020.
16

17

18                              _____
                                SALVADOR MENDOZA, JR.
19                              United States District Judge

20

21

22

23

24

25

26  CONSENT DECREE BETWEEN                          April 22, 2020
    IWAG III AND THE UNITED
    STATES, AND ORDER OF
    DISMISSAL- 36

1 | Union Oil Company of California

2

3

4 | By:_____          Dated:_____
        Michael W. Woody
5       Assistant Secretary

6

7 | Weyerhaeuser NR Company

8

9

10 | By:_____          Dated: 4/23/2020
        Kristen Sawin
11      VP Corp & Govt Affairs

12

13

14

15

16 | SO ORDERED this ___8th___ day of ____September____, 2020.

17

18

19 | _____
    SALVADOR MENDOZA, JR.
20  United States District Judge

21

22

23

24

25

26 | CONSENT DECREE BETWEEN                      April 22, 2020
    IWAG III AND THE UNITED
    STATES, AND ORDER OF
    DISMISSAL- 35