FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 22, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON

BASIN DISPOSAL, INC., et al.

Plaintiff,

v.

3M COMPANY, et al.,

Defendants.

No. 4:15-CV-05078-SMJ

**CONSENT DECREE BETWEEN IWAG III PARTIES AND LFG PARTIES AND ORDER OF DISMISSAL**

## CONSENT DECREE BETWEEN IWAG III PARTIES AND LFG PARTIES AND ORDER OF DISMISSAL

This Consent Decree is made between Defendants 3M Company, Akzo Nobel Canada, Inc. (n/k/a PPG Architectural Coatings Canada Inc.), Blount, Inc., The Boeing Company, Crown Beverage Packaging, LLC, Daimler Trucks North America LLC, Georgia-Pacific LLC, Goodrich Corporation, Intalco Aluminum Corporation, PACCAR, Inc., PCC Structurals, Inc., Pharmacia LLC, Simpson Timber Company, Union Oil Company of California, and Weyerhaeuser NR Company, on the one hand (collectively "IWAG III Parties"); and Plaintiffs Basin Disposal, Inc. ("BDI"), BNSF Railway Company ("BNSF"), and Pasco Sanitary Landfill, Inc. ("PSL"), and Third-Party Defendant Leonard and Glenda Dietrich, and their Marital Community, and the Estate of Glenda Dietrich

CONSENT DECREE BETWEEN
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 1

October 9, 2020

**000031**

("Leonard Dietrich"),[1] on the other hand (collectively "LFG Parties"). The IWAG III Parties and the LFG Parties are collectively referred to as the "Consent Decree Parties" and individually as a "Consent Decree Party."

WHEREAS, BDI filed an original Complaint in this cause on August 5, 2015 (Dkt. No. 1), which has been amended twice and joined in by BNSF and PSL with an operative Second Amended Complaint pending (Dkt. No. 150), which contains claims for cost-recovery, contribution and declaratory judgment against various named defendants under the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601-75 ("CERCLA") and the Washington Model Toxics Control Act, as amended, Chapter 70.105D RCW ("MTCA"), for Response Costs and Remedial Action Costs (as defined herein) incurred and to be incurred by Plaintiffs (and their assignors) at the Pasco Sanitary Landfill NPL Site ("Site");

---

[1] As set forth in sub-paragraph 4.gg. of Section III. Definitions herein, to avoid unnecessary duplication, "Leonard Dietrich" is treated as an "LFG Party" or as one of the "LFG Parties" for the purposes of this Consent Decree, unless expressly stated otherwise.

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 2

WHEREAS, several defendants, defined herein as the IWAG III Parties, filed counterclaims against all Plaintiffs; cross-claims against certain other defendants, and third-party claims against various named third-party defendants, including Leonard Dietrich; which counterclaims, cross-claims, and third-party claims include claims for cost-recovery, contribution and declaratory judgment under CERLCA and MTCA for Response Costs and Remedial Action Costs incurred and to be incurred by the IWAG III Parties (and their assignors) at the Site;

WHEREAS, numerous other parties to this case have asserted claims under CERCLA and/or MTCA in response to the claims asserted against them, including claims against the IWAG III Parties and the LFG Parties;

WHEREAS, the Consent Decree Parties agree that settlement of this case is in the public interest, that settlement of this matter will avoid the costs and uncertainties of further litigation, and that entry of this Consent Decree is the most appropriate means of resolving the claims by and among the Consent Decree Parties in this case;

WHEREAS, the Court finds that this Consent Decree is reasonable, fair, lawful, and adequately protects the public interest;

CONSENT DECREE BETWEEN                                October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 3

THEREFORE, without further adjudication of any issue of fact or law, and upon consent of the Consent Decree Parties by their authorized representatives, the Court finds that there is good and sufficient cause to enter this Consent Decree, and it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and pursuant to 28 U.S.C. § 1331 and 1345.

2.      Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C.§ 1391.

## II. PARTIES BOUND

3.      This Consent Decree is binding upon the Consent Decree Parties and their respective successors and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any bankruptcy, transfer of stock, assets, ownership interests, or real or personal Property, shall not alter the Consent Decree Parties' respective responsibilities and obligations under this Consent Decree.

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 4

### III. DEFINITIONS

4.      Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

a.      "3M Company" shall mean Defendant 3M Company and Persons or entities acting on 3M Company's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys, assigns, parent companies, subsidiaries, and all related entities, whether pursuant to contract, by operation of law, or otherwise. For purposes of this Consent Decree, the term "3M Company" specifically includes the "Minnesota Mining and Manufacturing Company" identified in historical documents related to the Site.

b.      "BCS" shall mean Defendant Bayer CropScience, Inc. and Persons or entities acting on BCS's behalf, including its respective owners, shareholders, officers, directors, employees, affiliates, parents, subsidiaries,

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 5

**000035**

successors, predecessors, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise.

   c.  "BDI" shall mean Plaintiff Basin Disposal, Inc. and Persons or entities acting on BDI's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise.

   d.  "Blount" shall mean Defendant Blount, Inc. and Persons or entities acting on Blount's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "Blount" specifically includes the "Oregon Saw and Chain Division" and "Omark Industries" identified in historical documents related to the Site.

   e.  "BNSF" shall mean Plaintiff BNSF Railway Company, previously named Burlington Railroad Company and Burlington Northern and Santa Fe Railroad Company, its predecessors, and Persons or entities acting on BNSF's behalf, including without limitation its owners, shareholders, officers,

000036

directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. However, other than BNSF Railway Company itself and the insurers on historical insurance policies in this matter where a BSNF entity is named as an insured, the entities or Persons listed after the reference to BNSF Railway Company itself in this sub-paragraph 4.e. do not have an obligation to make any part of the settlement payment under Section V below.

f.    "Boeing" shall mean Defendant The Boeing Company and Persons or entities acting on Boeing's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise.

g.    "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675.

h.    "CAP" shall mean the Cleanup Action Plan for the Site, which is Exhibit B to Enforcement Order No. DE 16899.

i.    "Consent Decree" shall mean this Consent Decree.

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 7

j.    "Consent Decree Parties" shall mean the IWAG III Parties, the LFG Parties and Third-Party Defendants Leonard and Glenda Dietrich, and their Marital Community, and the Estate of Glenda Dietrich ("Leonard Dietrich") to this Consent Decree. Individually, any of the Consent Decree Parties may be referred to in this Consent Decree as a "Consent Decree Party."

k.    "Contamination" shall mean any pollutant, contaminant, hazardous substance, solid waste, or hazardous waste, as those terms are defined under CERCLA, MTCA or the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901-6992k.

l.    "Covered Matters" shall mean any and all actual or potential claims or causes of action asserted or that could have been asserted and relief sought or that could have been sought by any Person or entity (whether a Consent Decree Party or not) that, in any way relates to any Existing Contamination or Existing Contamination that migrates from the Site after the Effective Date of this Consent Decree, or Contamination or threat of Contamination that is caused or exacerbated at any time by IWAG III activities, including without limitation any and all past, present, and future claims for the following:

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 8

i.    all past, present, and future Remedial Action Costs and Response Costs of whatever nature (including expert and counsel fees, Ecology, State of Washington and EPA oversight costs) incurred or to be incurred by Ecology, the State of Washington, EPA, any Consent Decree Party, or any other Person or entity related to the investigation, remediation and/or restoration of the Site;

ii.    any and all claims or causes of action for natural resource damages;

iii.    any and all claims or causes of action for toxic torts, personal injury or property damage by Persons or entities that are not Consent Decree Parties and who are not affiliated in any way with the LFG Parties (including without limitation any current, past or future owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, insurers, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise, of any LFG Party); and

iv.    all attorney, expert and consultant fees and expenses incurred by any Consent Decree Party of any type related to the above-captioned case or the Site.

CONSENT DECREE BETWEEN
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 9

October 9, 2020

"Covered Matters" shall not mean any of the following:

      i.    any claim or liability relating to the enforcement of this Consent Decree;

      ii.    criminal liability of any Consent Decree Party;

      iii.    liability of any of the Consent Decree Parties based upon their ownership or operation of the Site, or upon the transportation, treatment, storage, or Disposal, or the arrangement for the transportation, treatment, storage, or Disposal, of a Hazardous Substance or Materials at or in connection with the Site, after the Effective Date of this Consent Decree;

      iv.    any contractual claims by and between any third-party entities and any Consent Decree Party; and

      v.    any claims or disputes between any Consent Decree Parties and their actual or alleged insurers.

      m.    "Crown Beverage" shall mean Defendant Crown Beverage Packaging, LLC and Persons or entities acting on Crown Beverage's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns,

CONSENT DECREE BETWEEN
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 10

October 9, 2020

000040

whether pursuant to contract, by operation of law, or otherwise. The term "Crown Beverage" specifically includes the "Continental Can Company" identified in historical documents related to the Site.

n.    "Daimler Trucks" shall mean Defendant Daimler Trucks North America LLC and Persons or entities acting on Daimler Trucks' behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "Daimler Trucks" specifically includes the "Freightliner Corporation" identified in historical documents related to the Site.

o.    "Day" shall mean calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next day that is not a Saturday, Sunday, or Federal holiday.

p.    "Disposal" shall have the same meaning as defined in CERCLA Section 101(29), 42 U.S.C. § 9601(29), by reference to the Solid Waste Disposal Act ("SWDA"), 42 U.S.C. § 6901 *et seq*. The SWDA defines "Disposal" as "the discharge, deposit, injection, dumping, spilling, leaking, or

CONSENT DECREE BETWEEN                                   October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 11

placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." 42 U.S.C. § 6903(3).

q.    "Ecology" shall mean the Washington Department of Ecology.

r.    "Effective Date" shall mean the date upon which this Consent Decree is entered by the Court.

s.    "Enforcement Order No. DE 16899" shall mean the Enforcement Order No. DE 16899 issued by Ecology to the Consent Decree Parties and other PLPs at the Site, and Exhibits A through D thereto, all of which are attached to this Consent Decree collectively as Exhibit 1.

t.    "Environmental Covenant" shall mean the Environmental Covenant in the form attached to and incorporated into this Consent Decree as Exhibit 2, which Ecology requires to be placed on the Property currently owned by Leonard Dietrich and PSL.

u.    "EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

CONSENT DECREE BETWEEN                              October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 12

v.    "Existing Contamination" shall mean any Contamination or threat of Contamination (whether known or unknown) existing at, migrating within, or that has emanated from the Site as of the Effective Date of this Consent Decree.

w.    "Facility" has the same meaning as defined in CERCLA Section 101(9), 42 U.S.C. § 9601(9) and RCW 70.105D.020(8).

x.    "Future Orders" means any order (other than any past or current orders, including Enforcement Order No. DE 16899) by Ecology, the State of Washington, or EPA, including but not limited to a Remedial Action Consent Decree, that requires any Remedial or Response Actions to address any Contaminants existing at or that have emanated from the Industrial Waste Areas or Municipal Solid Waste Areas of the Site as of the Effective Date of this Consent Decree.

y.    "Goodrich" shall mean Defendant Goodrich Corporation on behalf of Kalama Specialty Chemicals, Inc. and Persons or entities acting on Goodrich's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 13

"Goodrich" specifically includes "Kalama Specialty Chemicals, Inc." and the "Kalama Chemical Inc." identified in historical documents related to the Site.

       z.     "GP" shall mean Defendant Georgia-Pacific LLC and Persons or entities acting on GP's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "GP" specifically includes the "Crown Zellerbach" and "James River Corporation" identified in historical documents related to the Site, but not "Pacific Resin & Chemical, Inc." GP denies that it is the successor to Pacific Resin & Chemical, Inc.

       aa.     "Hazardous Substance" shall have the same meaning as defined in CERCLA Section 101(14), 42 U.S.C. § 9601(14) and RCW 70.105D.020(13).

       bb.     "Indemnified Matters" shall mean all Covered Matters except for the following: (i) past Remedial Action Costs or Response Costs of whatever nature incurred by the LFG Parties as of the Effective Date of this Consent Decree (including attorney, expert and consultant fees and expenses the LFG Parties have incurred and any past Ecology, State of Washington and EPA

CONSENT DECREE BETWEEN             October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 14

oversight costs the LFG Parties have incurred) related to the investigation, remediation and/or restoration of the Site; and (ii) attorney, expert and consultant fees and expenses incurred by the LFG Parties related to the above-captioned case or the Site.

cc.    "Industrial Waste Areas" shall refer to those areas of the Site known as Zones A, C/D and E and have the same meaning as in Paragraph IV.D of Enforcement Order No. DE 16899, as depicted in Exhibit A-2 thereto, and on-Site groundwater associated with the Industrial Waste Areas.

dd.    "Intalco" shall mean Defendant Intalco Aluminum Corporation and Persons or entities acting on Intalco's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise.

ee.    "Interest" shall mean interest as specified in 28 U.S.C. § 1961 for judgments in a civil case.

ff.    "IWAG III Parties" shall mean collectively 3M Company, Blount, Boeing, Crown Beverage, Daimler Trucks, Goodrich, GP, Intalco, PACCAR, PCC Structurals, Pharmacia, PPG Architectural Coatings Canada,

Simpson Timber, Unocal and Weyerhaeuser. Individually, any of the IWAG III Parties may be referred to in this Consent Decree as an "IWAG III Party."

gg.    "Leonard Dietrich" shall mean Third-Party Defendants Leonard and Glenda Dietrich, and their Marital Community, and the Estate of Glenda Dietrich and Persons or entities acting on their behalf, including without limitation their respective successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. To avoid unnecessary duplication, Leonard Dietrich is treated as an "LFG Party" or as one of the "LFG Parties" for the purposes of this Consent Decree, unless expressly stated otherwise.

hh.    "Leonard Dietrich Access Agreement" shall mean the Leonard Dietrich Access and Site Use Agreement attached to and incorporated into this Consent Decree as Exhibit 3 addressing the Property owned by Leonard Dietrich, wherein Leonard Dietrich grants access and Site use to the IWAG III Parties and all other entities to perform all activities at the Site required under Enforcement Order No. DE 16899 and/or any Future Orders.

ii.    "LFG Parties" shall mean collectively BDI, BNSF and PSL. Individually, they may be referred to in this Consent Decree as "LFG Party." To

CONSENT DECREE BETWEEN                                        October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 16

avoid unnecessary duplication, Leonard Dietrich is treated as an "LFG Party" or as one of the "LFG Parties" for the purposes of this Consent Decree, unless expressly stated otherwise.

jj.    "Materials" shall mean any and all objects, goods, substances or matter of any kind, including, but not limited to, Waste.

kk.    "MTCA" shall mean the Washington Model Toxics Control Act, as amended, Chapter 70.105D RCW.

ll.    "Municipal Solid Waste Areas" shall have the same meaning as in Paragraph IV.G of Enforcement Order No. DE 16899, as depicted in Exhibit A-2 thereto, and on-Site groundwater associated with the Municipal Solid Waste Areas.

mm.    "PACCAR" shall mean Defendant PACCAR, Inc. and Persons or entities acting on PACCAR's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "PACCAR" specifically includes the "Pacific Car & Foundry" identified in historical documents related to the Site.

CONSENT DECREE BETWEEN
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 17

October 9, 2020

000047

nn.    "Paragraph" or "Sub-Paragraph" shall mean an enumerated paragraph or sub-paragraph of this Consent Decree or Enforcement Order No. DE 16899.

oo.    "Pasco Landfill Trust Account" shall mean the IOLTA trust account maintained by The Justis Law Firm LLC, lead counsel for the IWAG III Parties in this case.

pp.    "PCC Structurals" shall mean Defendant PCC Structurals, Inc. and Persons or entities acting on PCC Structurals' behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "PCC Structurals" specifically includes the "Precision Castparts Corp." identified in historical documents related to the Site.

qq.    "Person" shall have the same meaning as defined in CERCLA Sections 101(21) and (36), 42 U.S.C. §§ 9601(21) and (36), and RCW 70.105D.020(24).

rr.    "Pharmacia" shall mean Defendant Pharmacia LLC and Persons or entities acting on Pharmacia's behalf, including without limitation its

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 18

owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "Pharmacia" specifically includes "Monsanto" and "Wood Treatment Chemical Co." identified in historical documents related to the Site.

ss.    "PLP" shall mean Potentially Liable Person, as that term is defined in RCW 70.105D.020(26) under MTCA and referred to by Ecology.

tt.    "PPG Architectural Coatings Canada" shall mean Defendant Akzo Nobel Canada, Inc. (n/k/a PPG Architectural Coatings Canada Inc.) and Persons or entities acting on PPG Architectural's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise. The term "PPG Architectural Coatings Canada" specifically includes the "Canadian Industries Limited" identified in historical documents related to the Site, but does not include Defendants PPG Architectural Finishes, Inc. or PPG Industries, Inc.

CONSENT DECREE BETWEEN                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 19

uu.    "Property" shall mean and include without limitation all real, personal, tangible, intangible and any other thing subject to possession or ownership.

vv.    "PSL" shall mean Plaintiff Pasco Sanitary Landfill, Inc. and Persons or entities acting on PSL's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise.

ww.    "PSL Access Agreement" shall mean the PSL Access and Land Use Agreement attached to and incorporated into this Consent Decree as Exhibit 4, addressing the Property currently owned by PSL, wherein PSL grants and regulates access to and Site use of its Property to the IWAG III Parties and all other entities to perform all activities at the Site under Enforcement Order No. DE 16899 and/or any Future Orders.

xx.    "Release" shall have the same meaning as defined in CERCLA Section 101(22), 42 U.S.C. § 9601(22) and RCW 70.105D.020(32).

yy.    "Remedial Action Consent Decree" shall mean any future Consent Decree entered into with Ecology by the IWAG III Parties and any other

CONSENT DECREE BETWEEN                                      October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 20

Persons or entities to perform the Remedial Actions and Response Activities required by Enforcement Order No. DE 16899, including without limitation the CAP, SOW, and other documents associated with Enforcement Order No. DE 16899 and/or such Remedial Action Consent Decree.

zz.    "Remedial Action Costs" shall have the same meaning as in RCW 70.105D.080.

aaa.    "Remedy" and "Remedial Action" shall have the same meaning as defined under RCW 70.105D.020(33) as "any action or expenditure consistent with the purposes of MTCA to identify, eliminate, or minimize any threat or potential threat posed by Hazardous Substances to human health or the environment including any investigative and monitoring activities with respect to any release or threatened release of a Hazardous Substance and any health assessments or health effects studies conducted in order to determine the risk or potential risk to human health."

bbb.    "Response" shall have the same meaning as defined in CERCLA Section 101(25), 42 U.S.C. § 9601(25), and includes "removal" actions, "remedial" actions, and enforcement activities thereto.

CONSENT DECREE BETWEEN                                October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 21

ccc.   "Response Costs" shall mean all costs of "response" as that term is defined in CERCLA Section 101(25), 42 U.S.C. § 9601(25), for response actions conducted at or in connection with the Site. Response Costs shall include, without limitation, the following: removal and remedial response costs; costs of operation, maintenance and monitoring of any removal or Remedial Action; oversight costs; administrative costs; legal costs closely tied to the investigation, remediation and/or restoration of the Site to the extent such constitute a necessary cost of response; and any other costs of complying with any past Ecology Order at the Site, Enforcement Order No. DE 16899, and/or any Future Orders.

ddd.   "Simpson Timber" shall mean Defendant Simpson Timber Company and Persons or entities acting on Simpson Timber's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise.

eee.   "Site" shall mean the Facility known as the Pasco Sanitary Landfill NPL Site, located in Pasco, Franklin County, Washington, as depicted on Exhibit A-1 of Enforcement Order No. DE 16899, including any area where a Hazardous Substance that has been deposited, stored, disposed of, or placed at

CONSENT DECREE BETWEEN
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 22

October 9, 2020

000052

the Facility has come, or will come, to be located. The Site does not include Zone B, as defined herein. The Consent Decree Parties reserve their arguments regarding divisibility based on the assertion that the "Site" is comprised of distinct areas, including the Industrial Waste Areas and the Municipal Solid Waste Areas. Nonetheless, this Consent Decree addresses the Consent Decree Parties' alleged liability at the entire "Site."

fff.    "Site Response Actions" shall mean all Remedial Actions and Response Activities required by Ecology and/or EPA (if any) under Enforcement Order No. DE 16899 or any Future Orders.

ggg.    "SOW" shall mean the Scope of Work and Schedule, which is Exhibit C to Enforcement Order No. DE 16899.

hhh.    "State of Washington" shall mean the State of Washington and all of its agencies, departments and subdivisions, including, but not limited to, Ecology.

iii.    "Unocal" shall mean Defendant Union Oil Company of California and Persons or entities acting on Unocal's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to

contract, by operation of law, or otherwise. The term "Unocal" specifically includes the "Collier Carbon and Chemical Corp." identified in historical documents related to the Site.

jjj.    "Waste" shall mean and include without limitation all waste products and by-products, including any solid, liquid, sludge or any mixture thereof, and is not limited to hazardous or non-hazardous waste.

kkk.    "Weyerhaeuser" shall mean Defendant Weyerhaeuser NR Company and Persons or entities acting on Weyerhaeuser's behalf, including without limitation its owners, shareholders, officers, directors, employees, successors, predecessors, affiliates, agents, attorneys and assigns, whether pursuant to contract, by operation of law, or otherwise.

lll.    "Zone A" shall mean the former portion of the Site known as Zone A, as depicted on Exhibit A-2 of Enforcement Order No. DE 16899.

mmm. "Zone B" shall mean the former portion of the Site known as Zone B, as depicted on Exhibit A-2 of Enforcement Order No. DE 16899. Remedial Action for the Zone B industrial waste area is not included in Enforcement Order No. DE 16899 and is the sole responsibility of BCS.

CONSENT DECREE BETWEEN                                October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 24

nnn.    "Zone C/D" shall mean the former portion of the Site known as Zone C/D, as depicted on Exhibit A-2 of Enforcement Order No. DE 16899.

ooo.    "Zone E" shall mean the former portion of the Site known as Zone E, as depicted on Exhibit A-2 of Enforcement Order No. DE 16899.

## IV. GOOD FAITH NEGOTIATIONS; NON-ADMISSIONS

5.    This Consent Decree was negotiated and executed by the Consent Decree Parties in good faith and at arm's length and is a fair and equitable compromise of claims that were vigorously contested.

6.    With the exception of Paragraphs 1 and 2, this Consent Decree is not to be interpreted as an admission on the part of any Consent Decree Party of any issue of fact or law, or liability or wrongdoing, and it is expressly understood that no Consent Decree Party, by agreeing to this Consent Decree, admits liability of any sort or any other issue of fact or law.

## V. SETTLEMENT PAYMENT

7.    Within sixty (60) days after the Effective Date of this Consent Decree, BNSF shall severally pay Fifty Thousand and No/100 Dollars ($50,000) and BDI, PSL and Leonard Dietrich shall jointly pay Eighteen Million Seven Hundred Sixty-Five Thousand and No/100 Dollars ($18,765,000.00) to the

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 25

"Pasco Landfill Trust Account," which resolves the LFG Parties' collective alleged potential liability for Covered Matters and is also consideration for obligations undertaken by the IWAG III Parties herein.

8.    Payment to the "Pasco Landfill Trust Account" under Paragraph 7 above shall be made by Electronic Funds Transfer as provided below:

|  |  |
|---|---|
| Bank Name: | Commerce Bank |
| Bank Address: | 11080 Oakmont St. |
| Bank City, State: | Overland Park, KS  66210 |
| ABA/Routing Number: | 101000019 |
| Account Number: | 591028706 |

9.    In the event the payments by the LFG Party(ies) specified under Paragraph 7 above are not made within sixty (60) days after the Effective Date of this Consent Decree, then Interest on such Party's unpaid balance shall begin accruing as of the 61st day after the Effective Date of this Consent Decree.

## VI. PERFORMANCE OF SITE REMEDIAL ACTIONS; REMEDIAL ACTION CONSENT DECREE; COOPERATION

10.    In consideration of the LFG Parties' payment of Remedial Action Costs and Response Costs under Section V above and the LFG Parties' performance of their other obligations under this Consent Decree, as of the Effective Date of this Consent Decree, the IWAG III Parties will perform all Site Response Actions and/or Remedial Actions for, and concerning contaminants at

CONSENT DECREE BETWEEN                                      October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 26

and/or that have emanated, or may emanate from the Industrial Waste Areas (except for Zone B) and for all Municipal Solid Waste Areas of the Site as defined by the definition of Covered Matters herein. The IWAG III Parties further agree to provide all financial assurances and pay any performance penalties regarding the Site work encompassed by this Paragraph, as ordered and/or agreed upon with Ecology and/or EPA.

11.    PSL shall work with Ecology and the IWAG III Parties to make the RCRA Facility ID number for the Site available for the IWAG III Parties' use and, after the Effective Date of this Consent Decree, the IWAG III Parties shall assume all Waste reporting responsibilities that arise out of such use.

12.    The Consent Decree Parties acknowledge and agree that, consistent with the terms of Enforcement Order No. DE 16899, BCS is solely responsible for Remedial Actions and Response Cost activities associated with Zone B at the Site, which will be completed by BCS as part of a separate Consent Decree or Ecology Order entered into between BCS and Ecology.

13.    The LFG Parties agree that they will cooperate with the IWAG III Parties and will not interfere with or disturb the work performed or components installed by the IWAG III Parties to implement the Site Response Actions. The

CONSENT DECREE BETWEEN
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 27

October 9, 2020

000057

inclusion of BDI and BNSF in this Paragraph is not meant to imply that either entity has any ownership or operation interest in, or any further responsibility for, any part of the Site as contemplated by this Consent Decree.

14.    The IWAG III Parties contemplate that they may enter into and become signatories to a Remedial Action Consent Decree with Ecology to replace Enforcement Order No. DE 16899. The LFG Parties are not required to become signatories to any such Remedial Action Consent Decree but will have the option to do so. The IWAG III Parties will cooperate with the LFG Parties to request that Ecology release the LFG Parties from the obligations of Enforcement Order No. DE 16899.

15.    The LFG Parties, with the exception of Leonard Dietrich, agree that, after the Effective Date of this Consent Decree, the IWAG III Parties may elect to directly retain the LFG Parties' environmental consultants who have performed Site-related regulatory work for the LFG Parties, and that the IWAG III Parties may have access to any and all non-privileged technical documents related to the Municipal Solid Waste Areas in those environmental consultants' possession.    If the IWAG III Parties elect to directly retain any of the LFG Parties' environmental consultants, the IWAG III Parties will retain and

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 28

compensate the LFG Parties' consultant(s) directly as agreed upon by the IWAG III Parties and such LFG Parties' consultants. If the IWAG III Parties request copies of any non-privileged technical documents, the IWAG III Parties will pay any out-of-pocket expenses associated with producing these documents.

## VII. ACCESS AND SITE USE AGREEMENTS, ENVIRONMENTAL COVENANT AND FUTURE SITE PROPERTY OWNERSHIP

16.    The Leonard Dietrich Access Agreement is attached as Exhibit 3 to this Consent Decree and is incorporated into this Consent Decree as if fully set forth herein. Leonard Dietrich agrees to work in good faith with the IWAG III Parties to record the Leonard Dietrich Access Agreement with the title to the affected Property parcel. The Leonard Dietrich Access Agreement shall be the controlling document with respect to rights of access and Site use, which are necessary for the IWAG III Parties to perform the activities set forth in Paragraph 10 above. In the event of any ambiguities between the Leonard Dietrich Access Agreement and this Consent Decree with respect to rights of access and Site use, the terms of the Leonard Dietrich Access Agreement shall control.

17.    The PSL Access Agreement is attached as Exhibit 4 to this Consent Decree and is incorporated into this Consent Decree as if fully set forth herein.

CONSENT DECREE BETWEEN                                October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 29

PSL agrees to work in good faith with the IWAG III to record the PSL Access Agreement with the title(s) to the affected Property parcel(s). The PSL Access Agreement shall be the controlling document with respect to rights of access and Site use, which are necessary for the IWAG III Parties to perform the activities set forth in Paragraph 10 above. In the event of any ambiguities between the PSL Access Agreement and this Consent Decree with respect to rights of access and Site use, the terms of the PSL Access Agreement shall control.

18.    Leonard Dietrich and PSL agree to be bound by all requirements of Ecology's form Environmental Covenant at the Site, as detailed in the following weblink document:

https://fortress.wa.gov/ecy/publications/documents/1509054.pdf, as may be modified by Ecology from time to time. A copy of the current form Environmental Covenant is attached as Exhibit 2 to this Consent Decree and is incorporated into this Consent Decree as if set forth herein. Following Ecology's review and approval of the Environmental Covenant, Leonard Dietrich and PSL will work in good faith with the IWAG III Parties and Ecology to record it with the title(s) to the affected Property parcel(s). In the event of any ambiguities

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 30

between the Environmental Covenant and this Consent Decree, the terms of the Environmental Covenant shall control.

19.    After the Effective Date of this Consent Decree, the IWAG III Parties will use good-faith efforts to cooperate with and assist PSL in transferring its title to the Site Property currently owned by PSL to another Person or entity, as long as such Person or entity agrees to all terms of this Consent Decree applicable to PSL, including but not limited to providing the IWAG III Parties with a full and complete release from Covered Matters (which release shall be recorded with Franklin County, Washington on the title of the Site Property), and agrees to all terms of all other agreements with PSL referenced herein, including the PSL Access Agreement and the Environmental Covenant. In the event of such a transfer, the transferee individual or entity shall be bound by the same obligations hereunder as PSL, and may be assigned all protections and benefits of any kind owed to PSL hereunder.

20.    PSL and/or Leonard Dietrich shall provide forty-five (45) days advance written notice to the IWAG III Parties and Ecology prior to transferring any portion of their ownership of Site Property to any Person or entity.

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 31

21.    If PSL or Leonard Dietrich transfer any interest in their ownership of any portion of the Site Property, then PSL and Leonard Dietrich represent and warrant that they will ensure that their respective obligations under the Leonard Dietrich Access Agreement, the PSL Access Agreement, and the Environmental Covenant will be effectively transferred to any transferee(s) of any such interests. PSL and Leonard Dietrich further represent and warrant that they will require any transferee(s) of any such interests to agree to abide by all other terms and obligations of this Consent Decree that are applicable to them as a condition of transferring any portion of the Site Property. All other Parties hereto agree that in the event either or both PSL and Leonard Dietrich transfer any interest in ownership of the Site Property, that any transferee individual or entity may be assigned all protections and benefits of any kind owed to PSL, or Leonard Dietrich, respectively, hereunder.

22.    After the Effective Date of this Consent Decree, the IWAG III Parties shall pay all property taxes on the Site Property currently owned by PSL for a maximum period of time consisting of the latter date of: (i) five (5) years after the Effective Date of this Consent Decree; or (ii) completion of Remedial Action construction at the Site (which shall be defined as the date on which the

CONSENT DECREE BETWEEN                                October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 32

**000062**

Zone A low permeability geomembrane required by the CAP has been installed and the contractor has demobilized from the Site). PSL shall provide all invoices related to any such property taxes to the IWAG III Parties immediately upon receipt and in any event no later than five (5) days after PSL's receipt of same. The IWAG III Parties shall pay such property taxes in a timely fashion (as reflected by the due date(s) on each such invoice) after receiving such property tax invoices from PSL. The IWAG III Parties' agreement to pay such property taxes does not extend to any such property taxes incurred or owed by PSL before the Effective Date of this Consent Decree. The IWAG III Parties shall also cooperate with PSL in any efforts to reduce such annual property taxes.

### VIII. RELEASES; COVENANTS NOT TO SUE;
### RESERVATIONS; INDEMNIFICATION

23.    In consideration of the terms provided herein, the Consent Decree Parties, and their corporate successors and assigns, agree to mutually release, forever discharge, and covenant not to sue each other and their respective directors, officers, employees, shareholders, insurers and assigns for any Covered Matters as defined herein. These mutual releases and covenants not to sue will be effective as of the Effective Date of this Consent Decree and shall remain in effect as long as each Consent Decree Party continues to fully comply with all

CONSENT DECREE BETWEEN                                      October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 33

terms of this Consent Decree. If any of the LFG Parties contaminate or exacerbate Contamination at the Site after the Effective Date of this Consent Decree, then these mutual releases and covenants not to sue will not apply to claims associated with such Contamination at the Site. These mutual releases and covenants not to sue do not include any past, present or future claims or causes of action among the IWAG III Parties.

24.    The Consent Decree Parties shall work together with the appropriate governmental authority(ies) to record a Notice of Settlement on the titles of the Site Property parcels generally summarizing the mutual releases and covenants not to sue contained in this Consent Decree.

25.    The IWAG III Parties shall indemnify and hold harmless the LFG Parties, and each of their respective corporate successors and assigns, for Indemnified Matters. This indemnity and hold harmless arises as of the Effective Date of this Consent Decree. Once the obligation arises, the scope of the indemnity and hold harmless includes Indemnified Matters arising before and after the Effective Date of this Consent Decree. The IWAG III Parties' indemnity includes a duty to defend each of the LFG Parties, but such duty to defend does not include the ability of the LFG Parties to retain their own attorneys at the

expense of the IWAG III Parties. If any LFG Party wants to retain its own attorney(s) for any matter where the IWAG III Parties are required to indemnify such LFG Party for claims arising out of any Indemnified Matters, then the costs and expenses of such separate counsel will be at any such LFG Party's sole cost and expense and such LFG Party must cooperate with the IWAG III Parties in the defense of such claim(s) and may not settle such claim(s) without the express written consent of the IWAG III Parties. This indemnity, hold harmless, and duty to defend shall only apply provided that the LFG Parties do not render assistance to or cooperate with any third party asserting such claims, other than through compliance with a lawfully issued subpoena or discovery request, or as may otherwise be required by law.

## IX. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION; DISMISSALS; CLAIM BAR

26.    Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any Person or entity that is not a Consent Decree Party. The preceding sentence shall not be construed to waive or nullify any rights that any Person or entity that is not a signatory to this Consent Decree may have under applicable law. Each of the Consent Decree Parties

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 35

expressly reserves any and all rights (including, but not limited to, any right of contribution), defenses, claims, demands, and causes of action that each Consent Decree Party may have against any Person or entity that is not a Consent Decree Party with respect to any matter, transaction, or occurrence relating in any way to the Site, other than the dismissal of all claims detailed in this Section IX below.

27.    The Consent Decree Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f) of CERCLA, 42 U.S.C. § 9613(f) and RCW 70.105D.040 of MTCA, and the LFG Parties are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f) of CERCLA, 42 U.S.C. § 9613(f) and RCW 70.105D.040 of MTCA, or as may be otherwise provided by law, whether statute or common law, for any and all claims that were, could have been, could now be, or hereafter could be asserted against the LFG Parties by any Person or entity, seeking recovery or contribution regarding Covered Matters.

28.    As of the Effective Date of this Consent Decree, all claims asserted or which could have been asserted in this case by and between any and all of the

CONSENT DECREE BETWEEN
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 36

October 9, 2020

Consent Decree Parties are dismissed with prejudice. This Paragraph does not affect any past, present or future claims among the IWAG III Parties.

29.    As of the Effective Date of this Consent Decree, all claims asserted or which could have been asserted in this case by any and all LFG Parties against all other defendants and third-party defendants in this case are dismissed with prejudice and the LFG Parties will cooperate with the IWAG III Parties in their pending cross-claims against other defendants in this action by agreeing to any necessary mutual waivers of claims and releases in reasonably acceptable form to allow the IWAG III Parties to settle with such defendants in the future.

30.    The LFG Parties will refrain from pursuing any and all CERCLA, MTCA, and/or federal or state common law claims for Covered Matters against PLPs at the Site, and will cooperate with the IWAG III Parties should the IWAG III Parties choose to pursue such claims against such PLPs, by agreeing to any necessary mutual waivers of claims and releases in reasonably acceptable form to allow the IWAG III Parties to settle in the future with any such PLPs.

31.    The Consent Decree Parties agree, and the Court finds that the principles of the Uniform Contribution Among Tortfeasors Act apply to this Consent Decree. Pursuant to the dollar-for-dollar credit principle under the

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 37

Uniform Contribution Among Tortfeasors Act, the Court finds that the collective share of liability for any non-parties to this Consent Decree with respect to the IWAG III Parties' claims for past and future Site costs is reduced in an amount equal to payment of Site costs under Section V above.

32.     As of the Effective Date of this Consent Decree, and as a result of the credit provided to non-parties to this Consent Decree under the principles of the Uniform Contribution Among Tortfeasors Act in the preceding Paragraph, all claims against the LFG Parties asserted by any party to this case that is not a party to this Consent Decree, and any potential future claims against the LFG Parties for Site costs by non-parties to this Consent Decree relating to the Site, are dismissed and barred with prejudice.

## X. OTHER CLAIMS

33.     Other than the dismissals of claims detailed in Section IX above, this Consent Decree does not extend to or inure to the benefit of any Person or entity, other than the Consent Decree Parties. Nothing in this Consent Decree shall be construed to make any other Person or entity a third-party beneficiary of this Consent Decree. Furthermore, nothing in this Consent Decree is intended to be, nor shall be construed as, a waiver, release, or covenant not to sue for any claim

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 38

or cause of action, administrative or judicial, in law or in equity, which the Consent Decree Parties may have against any Person, firm, partnership, trust, corporation or any other entity that is not a Consent Decree Party, other than the dismissal of claims detailed in Section IX above.

34.    The LFG Parties shall assert no rights or claims with respect to any funds available from Franklin County, Washington, including but not limited to any funds provided to Franklin County, Washington by Ecology or any other agency of the State of Washington, that could be used to pay for Remedial Action Costs or Response Costs at the Site.

## XI. DISPUTE RESOLUTION

35.    Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section XI shall be the exclusive mechanism between the Consent Decree Parties for resolving disputes arising under or with respect to this Consent Decree.

36.    Any dispute which arises under or with respect to this Consent Decree shall in the first instance be the subject of informal negotiations between the Consent Decree Parties to the dispute. The period for informal negotiations shall not exceed sixty (60) days from the time the dispute arises, including

CONSENT DECREE BETWEEN                                        October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 39

immediate return to Timothy V.P. Gallagher or another mutually acceptable mediator. The dispute shall be considered to have arisen when one Consent Decree Party sends the other Consent Decree Parties a written Notice of Dispute.

37.    If the Consent Decree Parties to any such dispute(s) cannot resolve such dispute(s) through informal negotiations, then such dispute(s) shall be presented to the Court through appropriate pleadings filed with the Court.

CONSENT DECREE BETWEEN
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 40

October 9, 2020

## XII. NOTICES AND SUBMISSIONS

38.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Consent Decree Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Consent Decree Parties in writing. Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the IWAG III Parties and the LFG Parties, respectively.

As to the IWAG III Parties:    Gary D. Justis
The Justis Law Firm LLC
10955 Lowell Ave.
Suite 520
Overland Park, KS  66210-2336

With copies to:

3M Company:    Chris Ryan
3M Center, Bldg 224-5W-17
St. Paul, MN 55144

William W. Pearson
Pearson Law Group PLLC
3509 East Shea Boulevard
Suite 117
Phoenix, AZ 85028

CONSENT DECREE BETWEEN
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 41

October 9, 2020

000071

1

2

3    PPG Architectural
     Coatings, Inc.:                David Ubaldi

4                                   Davis Wright Tremaine LLP
                                    929 108th Avenue, Suite 1500

5                                   Bellevue, WA 98004

6

7    Blount, Inc.:                  Chad E. Paulson
                                    4909 SE International Way

8                                   Portland, OR 97222-4679

9

10                                  Rod Brown
                                    Cascadia Law Group

11                                  1201 Third Avenue, Suite 320

12                                  Seattle, WA 98101

13

14   The Boeing Company:            Stanley N. Alpert
                                    P.O. Box 3707, M/C 11-509

15                                  Seattle, WA 98124

16

17                                  Katie Page
                                    Perkins Coie LLP

18                                  1201 Third Avenue, Suite 4900
                                    Seattle, WA 98101-3099

19

20

21

22

23

24

25

26   CONSENT DECREE BETWEEN                           October 9, 2020
     IWAG III PARTIES AND LFG
     PARTIES AND ORDER OF
     DISMISSAL- 42

1  Union Oil Company
   of California:
2                              Andrea Hogan
3                              Senior Counsel
                               Environmental & Safety Law Group
4                              Downstream, Chemical and Midstream
                               Law
5                              Chevron Products Company, a division of
6                              Chevron U.S.A. Inc.
                               6001 Bollinger Canyon Road, T-3044
7                              San Ramon, CA 94583
8
                               Kim Jolitz
9                              Project Manager
10                             Chevron Environmental Management
                               Company
11                             San Ramon, CA 94583
12
13
   Crown Beverage
14 Packaging, LLC:
                               Barry N. Mesher
15                             Law Offices of Barry N. Mesher LLC
                               1001 East 25th Street
16                             Tacoma, WA 98421
17
18 Daimler Trucks North
   America LLC:
19                             Jennifer Marsh
                               4555 N. Channel Avenue HQ637B-LGL
20                             Portland, OR 97217
21
                               Jennifer Sanscrainte
22                             Ogden Murphy Wallace, PLLC
                               901 Fifth Avenue, Suite 3500
23                             Seattle, WA 98164-2008
24
25
26 CONSENT DECREE BETWEEN                        October 9, 2020
   IWAG III PARTIES AND LFG
   PARTIES AND ORDER OF
   DISMISSAL- 43

**000073**

Georgia-Pacific LLC:

Scott Matchett
Chief Counsel – Environmental
Koch Companies, Public Sector, LLC
133 Peachtree St. NE
Atlanta, GA 30303

Jim Holmes
133 Peachtree St. NE
P.O. Box 105605
Atlanta, GA 30348-5605

Goodrich Corporation:

Heidi B. Friedman
Thompson Hine, LLP
3900 Key Center
127 Public Square
Cleveland, OH 44414

Kristen Sherman
Associate General Counsel
Raytheon Technologies
10 Farm Springs Road
Farmington, CT 06032

Intalco Aluminum
Corporation:

David Jacobi
Wilson Smith Cochran Dickerson
901 Fifth Avenue, Suite 1700
Seattle, WA 98164-2050

Chelsea M. Cramer
Alcoa Corporation
201 Isabella Street, Suite 500
ACC 6A22
Pittsburgh, PA 15212

CONSENT DECREE BETWEEN
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 44

October 9, 2020

**000074**

PACCAR, Inc.:

Pamela S. Tonglao
Assistant General Counsel – Litigation
PACCAR Inc.
777 106th Ave. N.E.
Bellevue, WA 98004

David Heineck
Summit Law Group PLLC
315 5th Avenue S, Suite 1000
Seattle, WA 98104

PCC Structurals, Inc.:

Greg Jacoby
McGavick Graves, P.S.
1102 Broadway, Suite 500
Tacoma, WA 98402

Ruth A. Beyer
Sr. Vice President & General Counsel
PCC Structurals, Inc.
4650 SW Macadam Avenue, Suite 400
Portland, OR 97239-4262

Pharmacia LLC:

Mark Bowers
Senior Remediation Manager
Bayer U.S. LLC
Corporate Health, Safety & Environment
Remediation Management
5000 CentreGreen Way, Suite 400
Cary, NC 27513

CONSENT DECREE BETWEEN
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 45

October 9, 2020

|   |   |
|---|---|
| | Chintan Amin |
| | Bayer U.S. |
| | Law, Patents and Compliance |
| | 100 Bayer Road, Building 14 |
| | Pittsburgh, PA 15205 |
| Simpson Timber Company: | Kathryn Navarro |
| | 1301 Fifth Avenue, Suite 2700 |
| | Seattle, WA 98101 |
| | Ryen Godwin |
| | Schwabe, Williamson & Wyatt |
| | 1420 Fifth Avenue, Suite 3400 |
| | Seattle, WA 98101 |
| Weyerhauser NR Company: | Carol Wiseman |
| | 220 Occidental Avenue South |
| | Seattle, WA 98104 |
| | Chris Rycewicz |
| | Northwest Resource Law PLLC |
| | 1000 S.W. Broadway, Suite 2300 |
| | Portland, OR 97205 |
| As to BDI: | T. Jeffrey Keane |
| | Keane Law Offices |
| | 100 NE Northlake Way |
| | Suite 200 |
| | Seattle, WA 98105 |

and

CONSENT DECREE BETWEEN
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 46

October 9, 2020

000076

| | |
|---|---|
| 1 | William J. Schroeder |
| 2 | Jane E. Brown |
| | KSB Litigation, P.S. |
| 3 | 221 N. Wall St. |
| | Suite 210 |
| 4 | Spokane, WA  99201 |
| 5 | |
| 6 | As to BNSF:                Robert B. Lowry |

As to BNSF:

    Robert B. Lowry
    Jay K. Griffith
    Kell, Alterman & Runstein, LLP
    520 S.W. Yamhill St.
    Suite 600
    Portland, OR  97204-1329

As to Leonard Dietrich:

    Steven Rizzo
    Kevin Clonts
    Rizzo Mattingly Bosworth PC
    1300 S.W. Sixth Ave.
    Suite 300
    Portland, OR  97201

As to PSL:

    Leslie C. Nellermoe
    Nossaman, L.L.P.
    719 Second Ave.
    Suite 1200
    Seattle, WA  98104

Any Consent Decree Party that changes its designated notice recipient(s) shall notify in writing the designated notice recipient(s) for the other Consent Decree Parties.

CONSENT DECREE BETWEEN IWAG III PARTIES AND LFG PARTIES AND ORDER OF DISMISSAL- 47

October 9, 2020

000077

## XIII. RETENTION OF JURISDICTION

39.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV. MODIFICATION

40.    Any modification to this Consent Decree shall be in writing, signed by all Consent Decree Parties, and shall be effective upon approval by the Court.

## XV. COSTS OF SUIT

41.    Each Consent Decree Party shall bear its own costs and attorney's fees, expert fees, consultant fees and any expenses in this action.

## XVI. SIGNATORIES/SERVICE

42.    The Consent Decree Parties warrant to each other that all necessary authorizations and all other actions have been taken such that execution, delivery and performance of this Consent Decree and all other actions taken or to be taken in connection with this Consent Decree have been fully authorized.

43.    Each of the undersigned certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Consent Decree Party that he or she represents to this document.

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 48

44.    This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

## XVII. GENERAL PROVISIONS

45.    Complete Agreement. This Consent Decree contains the complete agreement between the Consent Decree Parties regarding the subject matter addressed herein and fully supersedes all prior contracts, agreements, understandings, negotiations or discussions, oral or written, relating to the subject matter hereof, including without limitation any such prior written agreements between any earlier iteration groups of the LFG Parties and the IWAG III Parties. This provision does not apply to written agreements among the IWAG III Parties. There are no warranties, representations, agreements or understandings, oral or written, relating to the subject matter hereof that are not fully expressed or provided for herein.

46.    Headings. Any paragraph or subparagraph headings or section titles in this Consent Decree are provided solely as a matter of convenience to the reader and shall not be construed to alter the meaning of any Paragraph or provisions of this Consent Decree.

CONSENT DECREE BETWEEN
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 49

October 9, 2020

000079

47.    Governing Law. This Consent Decree shall be governed and interpreted in accordance with applicable federal and state law.

48.    No Use As Evidence. This Consent Decree shall not be admitted into evidence or admissible as evidence in any action or proceeding other than the above-captioned action in which this Consent Decree is entered, except for the following:

a.    An action, cross-claim, or counterclaim brought by any Consent Decree Party to enforce this Consent Decree; and

b.    Any proceeding where any Consent Decree Party seeks to establish that it is entitled to protection from claims under this Consent Decree, or to enforce the IWAG III Parties' indemnification of the LFG Parties, or any action or proceeding related to the obligations of the Consent Decree Parties under this Consent Decree.

49.    This Consent Decree shall remain in full force and effect to the extent that any of the Consent Decree Parties continue to have actual or potential obligations under this Consent Decree.

CONSENT DECREE BETWEEN                                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 50

50.    Nothing in this Consent Decree is intended to release the liability in any way at the Site of any Person or private or public entity that is not a Consent Decree Party.

51.    The Consent Decree Parties agree that compliance with the terms of this Consent Decree shall satisfy the claims and remedies of the Consent Decree Parties against one another only and all Consent Decree Parties reserve their respective rights to pursue all claims and actions against non-participants to this Consent Decree, to the extent allowed by the terms of this Consent Decree.

52.    Each Consent Decree Party agrees that it is accepting responsibility only for the Persons and entities included in its respective definition in this Consent Decree.

53.    Each Consent Decree Party expressly reserves the right to take actions against any other Consent Decree Party as may be necessary to enforce all provisions and obligations set forth in this Consent Decree.

54.    Nothing in this Consent Decree shall relieve any Consent Decree Party of its obligations to comply with applicable state and federal law.

55.    This Consent Decree shall be binding upon the successors and assigns of each Consent Decree Party. No assignment or delegation by a Consent

CONSENT DECREE BETWEEN
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 51

October 9, 2020

000081

Decree Party of its obligations under this Consent Decree will release the assigning party without the prior written consent of the opposing Consent Decree Party and an appropriate Order from this Court.

56.    If any provision of this Consent Decree is in conflict with any provisions of any Future Orders or otherwise needs to be modified to conform with the provisions of any Future Orders, the Consent Decree Parties will use all good faith collective efforts to modify this Consent Decree so as to conform with any such Future Orders in a manner to give full effect to the original intent of the Consent Decree Parties to the maximum extent possible, and in any event the balance of this Consent Decree shall remain in full force and effect.

## XVIII. FINAL JUDGMENT

57.    This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Consent Decree Parties regarding the settlement embodied in the Consent Decree. The Consent Decree Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the Consent Decree Parties.

1   <u>By the IWAG III Parties:</u>

2

3   3M Company:

4   By: _Ted Ringsred_                    Dated: _Oct. 21, 2020_

5        Ted Ringsred, Assistant Secretary

6

    Akzo Nobel Canada, Inc. (n/k/a PPG Architectural Coatings Canada Inc.):

7

8   By:_____          Dated:_____

9        Steven F. Faeth
         Corporate Counsel
10

11  Blount, Inc.:

12

13  By:_____          Dated:_____

14       Chad E. Paulson
         Senior Vice President, General Counsel
15           and Secretary

16  The Boeing Company:

17

18  By:_____          Dated:_____

19       Stanley N. Alpert
         Senior Environmental Counsel
20

21  Crown Beverage Packaging, LLC:

22

23  By:_____          Dated:_____

24       Michael J. Rowley
         Asst. General Counsel and Asst. Secretary
25

26  CONSENT DECREE BETWEEN                 October 9, 2020
    IWAG III PARTIES AND LFG
    PARTIES AND ORDER OF
    DISMISSAL- 52

**000083**

1 | By the IWAG III Parties:

2

3 | 3M Company:

4 | By:_____          Dated:_____

5 |     James R. Kotsmith, P.E.
      Manager, Corporate Environmental
6 |     3M Environment, Health, Safety
        and Products Stewardship

7

8 | Akzo Nobel Canada, Inc. (n/k/a PPG Architectural Coatings Canada Inc.):

9

10 | By:_____          Dated: _10/23/2020_
11 |     Steven F. Faeth
        Corporate Counsel

12

13 | Blount, Inc.:

14

    | By:_____          Dated:_____
15 |     Chad E. Paulson
        Senior Vice President, General Counsel
16 |        and Secretary

17

18 | The Boeing Company:

19

20 | By:_____          Dated:_____
21 |     Stanley N. Alpert
        Senior Environmental Counsel

22

23

24

25

26 | CONSENT DECREE BETWEEN                              October 9, 2020
    | IWAG III PARTIES AND LFG
    | PARTIES AND ORDER OF
    | DISMISSAL- 53

**000084**

1    By the IWAG III Parties:

2
3    3M Company:

4    By:_____          Dated:_____
5          James R. Kotsmith, P.E.
          Manager, Corporate Environmental
6          3M Environment, Health, Safety
             and Products Stewardship
7
8    Akzo Nobel Canada, Inc. (n/k/a PPG Architectural Coatings Canada Inc.):

9
10   By:_____          Dated:_____
          Steven F. Faeth
11          Corporate Counsel

12   Blount, Inc.:

13
14   By:_____          Dated: 10/29/20
15   ~~Chad E. Paulson~~         Olga Groat
     ~~Senior Vice President, General Counsel~~
16        ~~and Secretary~~
17   Corporate Attorney
18   The Boeing Company:

19
20   By:_____          Dated:_____
          Stanley N. Alpert
21          Senior Environmental Counsel

22
23
24
25
26   CONSENT DECREE BETWEEN                        October 9, 2020
     IWAG III PARTIES AND LFG
     PARTIES AND ORDER OF
     DISMISSAL- 53

**000085**

1   <u>By the IWAG III Parties:</u>

2

3   3M Company:

4   By:_____        Dated:_____
           James R. Kotsmith, P.E.
5           Manager, Corporate Environmental
           3M Environment, Health, Safety
6              and Products Stewardship

7

8   Akzo Nobel Canada, Inc. (n/k/a PPG Architectural Coatings Canada Inc.):

9

10   By:_____        Dated:_____
           Steven F. Faeth
11           Corporate Counsel

12

13   Blount, Inc.:

14   By:_____        Dated:_____
15           Chad E. Paulson
           Senior Vice President, General Counsel
16             and Secretary

17

18   The Boeing Company:

19   By:_____        Dated: 10/23/20
20           Stanley N. Alpert
21           Senior Environmental Counsel

22

23

24

25   CONSENT DECREE BETWEEN         October 9, 2020
26   IWAG III PARTIES AND LFG
     PARTIES AND ORDER OF
     DISMISSAL- 53

000086

1  Crown Beverage Packaging, LLC:

2

3  By: _____          Dated: __10|15|20__
                                                            
4        Michael J. Rowley
         Asst. General Counsel and Asst. Secretary
5
   Daimler Trucks North America LLC:
6

7

8  By:_____          Dated:_____
        Jennifer E. Marsh
9       Associate General Counsel

10 Goodrich Corporation:

11

12 By:_____          Dated:_____
        Kristen W. Sherman
13      Associate General Counsel

14

15 Georgia-Pacific LLC:

16

17 By:_____          Dated:_____
        Bryant T. Champion
18      SVP Environmental Affairs & Product Safety

19
   Intalco Aluminum Corporation:
20

21

22 By:_____          Dated:_____
        Mark A. Stiffler
23      Vice President
        Intalco Aluminum LLC
24

25

26 CONSENT DECREE BETWEEN                    October 9, 2020
   IWAG III PARTIES AND LFG
   PARTIES AND ORDER OF
   DISMISSAL- 54

1  Crown Beverage Packaging, LLC:

2

3  By:_____          Dated:_____
4        Michael J. Rowley
        Asst. General Counsel and Asst. Secretary
5

6  Daimler Trucks North America LLC:

7  By:_____          Dated: 10/19/2020
8        Jennifer E. Marsh
9        Associate General Counsel

10  Goodrich Corporation:

11

12  By:_____          Dated:_____
13        Kristen W. Sherman
        Associate General Counsel
14

15  Georgia-Pacific LLC:

16

17  By:_____          Dated:_____
        Bryant T. Champion
18        SVP Environmental Affairs & Product Safety

19

20  Intalco Aluminum Corporation:

21

22  By:_____          Dated:_____
        Mark A. Stiffler
23        Vice President
        Intalco Aluminum LLC
24

25

26  CONSENT DECREE BETWEEN                       October 9, 2020
   IWAG III PARTIES AND LFG
   PARTIES AND ORDER OF
   DISMISSAL- 54

1   Crown Beverage Packaging, LLC:

2

3   By:_____      Dated:_____

           Michael J. Rowley
4
           Asst. General Counsel and Asst. Secretary
5

6   Daimler Trucks North America LLC:

7

8   By:_____      Dated:_____

           Jennifer E. Marsh
9           Associate General Counsel

10  Goodrich Corporation:

11

12  By:_____      Dated: _October 23, 2020_

          Edward McHugh
13         Vice President, Counsel

14

15  Georgia-Pacific LLC:

16

17  By:_____      Dated:_____

           Bryant T. Champion
18          SVP Environmental Affairs & Product Safety

19

20  Intalco Aluminum Corporation:

21

22  By:_____      Dated:_____

           Mark A. Stiffler
23          Vice President
           Intalco Aluminum LLC
24

25

26  CONSENT DECREE BETWEEN            October 9, 2020
   IWAG III PARTIES AND LFG
   PARTIES AND ORDER OF
   DISMISSAL- 54

000089

Crown Beverage Packaging, LLC:

By:_____    Dated:_____
    Michael J. Rowley
    Asst. General Counsel and Asst. Secretary

Daimler Trucks North America LLC:

By:_____    Dated:_____
    Jennifer E. Marsh
    Associate General Counsel

Goodrich Corporation:

By:_____    Dated:_____
    Kristen W. Sherman
    Associate General Counsel

Georgia-Pacific LLC:

By: _Bryant T Champin_    Dated: _10/20/20_
    Bryant T. Champion
    SVP Environmental Affairs & Product Safety

Intalco Aluminum Corporation:

By:_____    Dated:_____
    Mark A. Stiffler
    Vice President
    Intalco Aluminum LLC

CONSENT DECREE BETWEEN    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 54

000090

Crown Beverage Packaging, LLC:

By:_____          Dated:_____
      Michael J. Rowley
      Asst. General Counsel and Asst. Secretary

Daimler Trucks North America LLC:

By:_____          Dated:_____
      Jennifer E. Marsh
      Associate General Counsel

Goodrich Corporation:

By:_____          Dated:_____
      Kristen W. Sherman
      Associate General Counsel

Georgia-Pacific LLC:

By:_____          Dated:_____
      Bryant T. Champion
      SVP Environmental Affairs & Product Safety

Intalco Aluminum Corporation:

By:_____          Dated: 10/22/2020
      Mark A. Stiffler
      Vice President
      Intalco Aluminum LLC

CONSENT DECREE BETWEEN                    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 54

PACCAR, Inc.:

By: *Pamela S. M*                    Dated: Oct. 21, 2020
    Pamela S. Tonglao
    Assistant General Counsel

PCC Structurals, Inc.:

By:_____        Dated:_____
    Ruth A. Beyer
    Sr. Vice President & General Counsel

Pharmacia LLC:

By:_____        Dated:_____
    Drew Reavis
    Head of Environmental and Sustainability –
    Monsanto Company, as attorney-in-fact
        for Pharmacia LLC

Simpson Timber Company:

By:_____        Dated:_____
    Kathryn Navarro, Esq.
    Vice President, General Counsel

Union Oil Company of California:

By:_____        Dated:_____
    Michael W. Woody
    Assistant Secretary

CONSENT DECREE BETWEEN                October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 55

**000092**

1  PACCAR, Inc.:

2

3  By:_____    Dated:_____

4        Pamela S. Tanglao
         Assistant General Counsel

5

6  PCC Structurals, Inc.:

7

8  By: *Ruth A. Beyer*                Dated: Oct. 23, 2020
        Ruth A. Beyer

9        Sr. Vice President & General Counsel

10 Pharmacia LLC:

11

12 By:_____    Dated:_____

13       Drew Reavis
         Head of Environmental and Sustainability –

14       Monsanto Company, as attorney-in-fact

15          for Pharmacia LLC

16 Simpson Timber Company:

17

18 By:_____    Dated:_____

19       Kathryn Navarro, Esq.
         Vice President, General Counsel

20

21 Union Oil Company of California:

22

23 By:_____    Dated:_____

24       Michael W. Woody
         Assistant Secretary

25

26 CONSENT DECREE BETWEEN            October 9, 2020
   IWAG III PARTIES AND LFG
   PARTIES AND ORDER OF
   DISMISSAL- 55

PACCAR, Inc.:


By:_____        Dated:_____
      Pamela S. Tanglao
      Assistant General Counsel

PCC Structurals, Inc.:


By:_____        Dated:_____
      Ruth A. Beyer
      Sr. Vice President & General Counsel

Pharmacia LLC:

By:____*MARK E. BOWERS  for*_____        Dated: *10/21/20*
      Drew Reavis
      Head of Environmental and Sustainability –
      Monsanto Company, as attorney-in-fact
        for Pharmacia LLC

Simpson Timber Company:


By:_____        Dated:_____
      Kathryn Navarro, Esq.
      Vice President, General Counsel

Union Oil Company of California:


By:_____        Dated:_____
      Michael W. Woody
      Assistant Secretary

CONSENT DECREE BETWEEN        October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 55

1    PACCAR, Inc.:

2

3    By:_____          Dated:_____
            Pamela S. Tanglao
4           Assistant General Counsel

5

6    PCC Structurals, Inc.:

7

     By:_____          Dated:_____
8           Ruth A. Beyer
9           Sr. Vice President & General Counsel

10

     Pharmacia LLC:
11

12   By:_____          Dated:_____
13          Drew Reavis
            Head of Environmental and Sustainability –
14          Monsanto Company, as attorney-in-fact
15              for Pharmacia LLC

16   Simpson Timber Company:

17

18   By:_____          Dated:_10/20/2020_____
19          Kathryn Navarro, Esq.
            Vice President, General Counsel
20

21   Union Oil Company of California:

22

23   By:_____          Dated:_____
            Michael W. Woody
24          Assistant Secretary

25

26   CONSENT DECREE BETWEEN                      October 9, 2020
     IWAG III PARTIES AND LFG
     PARTIES AND ORDER OF
     DISMISSAL- 55

**000095**

DocuSign Envelope ID: F4419D8B-A291-4695-9287-19FBDA96BEFE

1    PACCAR, Inc.:

2

3    By:_____          Dated:_____
        Pamela S. Tanglao
4        Assistant General Counsel

5

6    PCC Structurals, Inc.:

7

     By:_____          Dated:_____
8        Ruth A. Beyer
9        Sr. Vice President & General Counsel

10
     Pharmacia LLC:
11

12   By:_____          Dated:_____
13       Drew Reavis
         Head of Environmental and Sustainability –
14       Monsanto Company, as attorney-in-fact
15           for Pharmacia LLC

16   Simpson Timber Company:

17

18   By:_____          Dated:_____
19       Kathryn Navarro, Esq.
         Vice President, General Counsel
20

21   Union Oil Company of California:

22   DocuSigned by:
     By: _~Gina K. Lee_____              Dated: 2020-Oct-26 | 12:22 PM PDT
23       909F8DD3C923449...
         Gina K. Lee
24       Assistant Secretary

25

26   CONSENT DECREE BETWEEN                         October 9, 2020
     IWAG III PARTIES AND LFG
     PARTIES AND ORDER OF
     DISMISSAL- 55

Weyerhaeuser NR Company:

By: _Kristen Sawin_    Dated: _10/23/2020_
    Kristen ~~Swain~~ Sawin
    VP Corp & Govt Affairs

<u>By the LFG Parties:</u>

Basin Disposal, Inc.:

By:_____    Dated:_____
    _____
    _____

BNSF Railway Company:

By:_____    Dated:_____
    _____
    _____

Pasco Sanitary Landfill, Inc.:

By:_____    Dated:_____
    _____
    _____

Leonard and Glenda Dietrich, and their Marital Community and the Estate of Glenda Dietrich:

By:_____    Dated:_____
    Leonard Dietrich

CONSENT DECREE BETWEEN    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 56

Weyerhaeuser NR Company:

By:_____    Dated:_____
    Kristen Swain
    VP Corp & Govt Affairs

By the LFG Parties:

Basin Disposal, Inc.:

By:_____    Dated: Oct 30ᵗʰ, 2020
    _____
    _____

BNSF Railway Company:

By:_____    Dated:_____
    _____
    _____

Pasco Sanitary Landfill, Inc.:

By:_____    Dated:_____
    _____
    _____

Leonard and Glenda Dietrich, and their Marital Community and the Estate of Glenda Dietrich:

By:_____    Dated:_____
    Leonard Dietrich

CONSENT DECREE BETWEEN    October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 56

1  Weyerhaeuser NR Company:

2

3  By:_____          Dated:_____

4        Kristen Swain
       VP Corp & Govt Affairs

5

6  By the LFG Parties:

7  Basin Disposal, Inc.:

8

9  By:_____          Dated:_____

10     _____

11

12  BNSF Railway Company:

13

14  By:_____          Dated: November 20, 2020
        John Lovenburg

15     VP Environmental

16  Pasco Sanitary Landfill, Inc.:

17

18  By:_____          Dated:_____

19     _____

20

21  Leonard and Glenda Dietrich, and their Marital Community and the Estate of
   Glenda Dietrich:

22

23

24  By:_____          Dated:_____
        Leonard Dietrich

25

26  CONSENT DECREE BETWEEN
   IWAG III PARTIES AND LFG
   PARTIES AND ORDER OF
   DISMISSAL- 55

Weyerhaeuser NR Company:

By:_____        Dated:_____
    Kristen Swain
    VP Corp & Govt Affairs

**By the LFG Parties:**

**Basin Disposal, Inc.:**

By:_____        Dated:_____
_____
_____

**BNSF Railway Company:**

By:_____        Dated:_____
_____
_____

**Pasco Sanitary Landfill, Inc.:**

By _____        Dated: 10/23/2020
    _President_

Leonard and Glenda Dietrich, and their Marital Community and the Estate of Glenda Dietrich:

By:_____        Dated:_____
    Leonard Dietrich

CONSENT DECREE BETWEEN                     October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 56

Leonard Dietrich                                      760-360-8085                      p.2

1 | Weyerhaeuser NR Company:

2

3 | By:_____                    Dated:_____

4 |     Kristen Swain
  |     VP Corp & Govt Affairs

5

6 | By the LFG Parties:

7 | Basin Disposal, Inc.:

8

9 | By:_____                    Dated:_____

10 |     _____

11

12 | BNSF Railway Company:

13

14 | By:_____                   Dated:_____

15 |     _____

16 | Pasco Sanitary Landfill, Inc.:

17

18 | By:_____                    Dated:_____

19 |     _____

20

21 | Leonard and Glenda Dietrich, and their Marital Community and the Estate of
22 | Glenda Dietrich:

23 | By: _Leonard Dietrich_ (signature)               Dated: 1-1-2021

24 |     Leonard Dietrich

25 | CONSENT DECREE BETWEEN                          October 9, 2020

26 | IWAG III PARTIES AND LFG
   | PARTIES AND ORDER OF
   | DISMISSAL- 56

**000101**

1 | SO ORDERED this __**22nd**__ day of _____**JANUARY**_____, ~~2020~~. **2021.**

2

3

4 | SALVADOR MENDOZA, JR.
      United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 | CONSENT DECREE BETWEEN
      IWAG III PARTIES AND LFG
      PARTIES AND ORDER OF
      DISMISSAL- 57

October 9, 2020

**000102**

Hi

1  Presented by:

2
          By: _____*s/ John D. Allison*_____
3              John D. Allison, WSBA No. 26299
4              Eymann Allison Hunter Jones PS
               2208 S. 2nd Ave.
5              Spokane, WA  99201-5417
6              509-747-0101
               509-458-5977 Fax
7              jdallison@eahglaw.com

8
               Gary D. Justis, *Pro Hac Vice*
9              Rachel D. Guthrie, *Pro Hac Vice*
10             Matthew T. Merryman, *Pro Hac Vice*
               The Justis Law Firm LLC
11             10955 Lowell Ave.
12             Suite 520
               Overland Park, KS  66210-2336
13             913-955-3712
14             913-955-3711 Fax
               gjustis@justislawfirm.com
15             rguthrie@justislawfirm.com
16             mmerryman@justislawfirm.com

17
               Attorneys for Defendants 3M Company, Akzo Nobel
18             Canada, Inc. (n/k/a PPG Architectural Coatings Canada
               Inc.), The Boeing Company, Union Oil Company of
19             California, Crown Beverage Packaging, LLC, Daimler
20             Trucks North America LLC, Georgia-Pacific LLC,
               Goodrich Corporation, Intalco Aluminum Corporation,
21             Pharmacia LLC, PACCAR Inc., PCC Structurals, Inc.,
22             Simpson Timber Company, Weyerhaeuser NR
               Company, Blount Inc., ALCOA Inc. and Monsanto
23             Company

24

25

26  CONSENT DECREE BETWEEN                    October 9, 2020
    IWAG III PARTIES AND LFG
    PARTIES AND ORDER OF
    DISMISSAL- 59

**000104**

1

By: _____*s/ William J. Schroeder*_____

2          William J. Schroeder, WSBA No. 7942

          Jane E. Brown, WSBA No. 25093

3          William C. Schroeder, WSBA No. 41986

          KSB Litigation, P.S.

4          221 N. Wall St.

5          Suite 210

          Spokane, WA  99201

6          509-624-8988

7          509-474-0358 Fax

          william.schroeder@ksblit.legal

8          jbrown@ksblit.legal

9

10         T. Jeffrey Keane, WSBA No. 8465

          Keane Law Offices

11         100 N.E. Northlake Way

12         Suite 200

          Seattle, WA  98105

13         206-438-3737

14         206-632-2540 Fax

          tjk@tjkeanelaw.com

15

16         Attorneys for Plaintiff Basin Disposal, Inc.

17

18

19

20

21

22

23

24

25

26  CONSENT DECREE BETWEEN                 October 9, 2020

  IWAG III PARTIES AND LFG

  PARTIES AND ORDER OF

  DISMISSAL- 60

1

2          By: _____ *s/ Robert B. Lowry* _____
              Robert B. Lowry, *Pro Hac Vice*
3             Jay K. Griffith, WSBA No. 42205
              Kell, Alterman & Runstein, LLP
4             520 S.W. Yamhill St.
              Suite 600
5             Portland, OR 97204-1329
              503-360-0554
6             503-227-2980 Fax
              rlowry@kelrun.com
7             jgriffith@kelrun.com

8

9             Attorneys for Plaintiff BNSF Railway Company

10         By: _____ *s/ Leslie C. Nellermoe* _____
              Leslie C. Nellermoe, WSBA No. 8758
11            Nossaman, L.L.P.
              719 Second Ave.
12            Suite 1200
              Seattle, WA 98104
13            206-395-7630
              lnellermoe@nossaman.com
14

15

16            Attorneys for Plaintiff Pasco Sanitary Landfill, Inc.

17

18

19

20

21

22

23

24

25

26   CONSENT DECREE BETWEEN                          October 9, 2020
     IWAG III PARTIES AND LFG
     PARTIES AND ORDER OF
     DISMISSAL- 61

**000106**

1

By: _____ *s/ Steven V. Rizzo* _____

2
Steven V. Rizzo, WSBA No. 37166
Kevin Clonts, WSBA No. 45900

3
Rizzo Mattingly Bosworth PC
1300 S.W. Sixth Ave.

4
Suite 310

5
Portland, OR  97201
503-229-1819

6
503-229-0630 Fax

7
srizzo@rizzopc.com
kclonts@rizzopc.com

8

9
Attorneys for Third-Party Defendant Leonard and

10
Glenda Dietrich, and their Marital Community and the
Estate of Glenda Dietrich

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
CONSENT DECREE BETWEEN                          October 9, 2020
IWAG III PARTIES AND LFG
PARTIES AND ORDER OF
DISMISSAL- 62

**000107**